O’NIELL, C. J.
 

 This suit is for rent of the plaintiff’s half interest in a cotton farm. The three defendants and their sister own the other half interest in the farm, having inherited it from their mother, who was the plaintiff’s sister. The plaintiff sued on a promissory note for $683.25, with interest thereon at 8 per cent, per annum from March 1, 1919, and 10 per cent, as attorney’s fee, claiming that the note represented the rent for the year 1918, and he sued also for $2,000 for rent for the years 1920, 1921, 1922, and 1923, claiming that there was a reconduction of the lease from year to year. He waived his claim for rent for the year 1919, because he deemed it prescribed. He averred that
 
 *885
 
 there was a verbal lease for the year 1918, at a stipulated rental of $675 for the year, being at the rate of $9 per acre for his half interest in 150 acres; and that the note for $683.25 was given for that sum plus two months interest. He averred that there was a reconduction of the lease at $675 per year, but that he voluntarily remitted all but $500 per year. He claimed that the rent for the year 1923 was secured by the lessor’s lien on the movable property on the farm, and obtained a writ of provisional seizure, under which the sheriff seized about 15 bales of cotton in the field, 3 bales of seed cotton, and a bale of ginned cotton. The defendants released the seized cotton on a forthcoming bond.
 

 Answering the suit, the defendants denied that they had ever leased the plaintiff’s half interest in the property, or that they had agreed to pay him a specified amount of rent; and, in fact, they denied categorically every allegation in the plaintiff's petition.
 

 The district court gave judgment in favor of the plaintiff for the amount of the promissory note, $683.25, with 8 per cent, interest from the 1st of March, 1919, and 10 per cent, attorney’s fee, and for $900 additional as rent for the years 1920, 1921,1922, and 1923,. with 5 per cent, interest on $225 from the 1st of January of each of the years 1921,1922, 1923, and 1924. The court also recognized the lessor’s lien on the cotton seized, as securing the rent for the year 1923, and sustained the provisional seizure. The defendants have appealed from the decision; and the plaintiff, answering the appeal, prays that the amount of the judgment be increased to the amount sued for.
 

 The plaintiff has failed to establish the alleged verbal contract of lease by a preponderance of evidence. The land was very low, and subject to overflow from an adjoining lake and from heavy rains, and was generally unprofitable to cultivate. The plaintiff allowed the defendants, who are his nephews, to cultivate the land without any stipulation as to the rent which they should pay for his interest in it. One of the defendants cultivated the land in 1917, with the assistance of the two others, and made about 90 bales of cotton, and a profit. The three brothers cultivated it in 1918, and made about 36 bales of cotton, and no profit. At the end of that year, that is, on the 1st of March, 1919, they settled with the plaintiff by giving him their promissory note for $683.-25. The plaintiff testified that the note represented the rent for the year 1918, $675, plus $8.25 interest. The defendants .contend that the note represented the rent for both years, 1917 and 1918, and a store account which they owed plaintiff. That is a matter of no importance because the defendants do not deny that they owe the note; and it is quite certain that, even if it was given to represent only the rent for the year 1918, the amount was not stipulated or agreed upon in advance, or before the end of the year. There could be no contract of lease without a stipulation or agreement as to the amount of rent to be paid; and there could be no reconduction without a lease.
 

 The defendants contend that their only agreement with the plaintiff was made when they settled with him by giving their note, and that the agreement was that they would pay $250 rent for the year 1919 if they made that much profit, and pay no rent if they made no profit. On account of rainy weather and consequent floods, they made only 19 bales of cotton and sustained a loss in 1919, made only 13 bales of cotton and sustained another loss in 1920, made only 9 or 10 bales of cotton and sustained another loss in 1921, made only a few bales of cotton and sustained another loss in 1922, and made 32 bales of cotton and perhaps made a small profit in 1923, the amount of which, however, cannot be determined by the evidence.
 

 
 *887
 
 ■ Our conclusion is that the judgment should be amended by reducing the amount to the amount of the promissory note, plus the interest and 10 per cent, attorney’s fee thereon, and that the provisional seizure should be dissolved.
 

 The judgment appealed from is amended so as to reduce the amount thereof to $683.-25, plus the interest thereon at 8 per cent, per annum from the 1st of March, 1919, and the 10 per cent, attorney’s fee. The writ of provisional seizure is dissolved. The plaintiff, appellee, is to pay the costs of this appeal and of the provisional seizure; appellants are to pay all other court costs.