191 So.2d 882 (1966)
Easton STEWART
v.
William F. SCHMAUSS et al.
No. 6752.
Court of Appeal of Louisiana, First Circuit.
November 15, 1966.
William C. Bradley, Baker, W. P. Wray, Jr., of Wray & Simmons, Baton Rouge, for appellant.
Robert S. Cooper, Jr., Baton Rouge, for appellee.
Before LOTTINGER, REID and SARTAIN, JJ.
LOTTINGER, Judge.
This is a suit filed by Easton Stewart, as petitioner, against William F. Schmauss and R. B. Alexander, Inc., as defendants. The petitioner claims the return of $400.00 paid for an option to purchase a home from defendant Schmauss, who lives in the State of Pennsylvania, $300.00 for two *883 months' rental, $14.46 paid for long distance telephone calls, $116.00 for yard work, $15.00 for the tuning of a piano, $316.00 for moving expenses, $308.00 for cost of draperies made especially for the home, and $5,000.00 for mental anguish, pain and suffering.
Defendant Alexander filed answer denying any liability and, in the alternative as third party plaintiff, claiming over and against Schmauss as third party defendant any amount for which Alexander might be cast in judgment.
Defendant Schmauss was represented by an attorney and made a personal appearance. He denies any liability and reconvenes claiming $600.00 for rent. By third party pleading, he makes Alexander a third party defendant and prays for judgment over and against Alexander for any amount for which he might cast in judgment.
Defendant Alexander answered the third party petition of defendant Schmauss denying any liability and reconvened against Schmauss for 10% real estate agent's commission on any amount which may be allowed Schmauss against petitioner for rent, and further claims the sum of $20.50 for grass cutting and repairs done by Alexander on the property belonging to Schmauss.
The Lower Court rendered a judgment in favor of petitioner and against defendants, individually and in solido, in the sum of $531.00. In its reasons for judgment the Lower Court declared that it was allowing $400.00 for the option deposit, $14.46 for long distance telephone calls, $15.00 for piano tuning, and $116.00 for the cost of moving out of the house, which allowances total $545.46. It is, therefore, apparent that the Lower Court failed to include the $14.46 item for telephone calls in its judgment.
The Lower Court further awarded judgment in favor of plaintiff and against defendant Schmauss alone in the sum of $1,000.00, and judgment in favor of defendant, R. B. Alexander, Inc., as third party petitioner against Schmauss as third party defendant for the sum of $531.00. The reconventional demand by Alexander against Schmauss, the reconventional demand by Schmauss against petitioner, and the third party demand by Schmauss against Alexander were all denied.
From the judgment, as aforesaid, both defendant Schmauss and defendant Alexander appealed to this Court. No appeal, nor answer thereto, was made by petitioner.
The facts of this case, which are not seriously disputed, shows that defendant Schmauss owned a home situated in Baton Rouge, Louisiana. On March 20, 1963, he executed in writing to R. B. Alexander, Inc., hereinafter called Alexander, a formal listing of the property for sale, appointing Alexander, who was in the real estate business, as his exclusive agent to sell the property for $23,900.00.
At the same time, petitioner, who had just moved to Baton Rouge, was looking for a home to rent and contacted Alexander's office. The Schmauss property was one of several places shown to petitioner, and it was explained to petitioner that the Schmauss home was for sale only. Petitioner liked the Schmauss property and, during the course of his negotiations with Alexander, made a written offer on July 15, 1963, to lease the property for one year at rental of $150.00 per month. This document is on a printed form originally entitled "Purchase Agreement", however, the word "Purchase" was stricken out with a pen and words added to make the title read: "Lease with Option to Purchase Agreement". In the space for insertion of terms of purchase there is written in ink the following: "This is a twelve month lease payable in monthly installments of $150.00 beginning July 16, 1963, ending July 16, 1964. The first installment is paid in advance on signing of this lease. All equipment, plumbing, et seq. is to be in working order. Should Mr. and Mrs. E. *884 Stewart exercise their option to purchase at $23,900.$900.00 credit will be given toward the down payment." This document was signed by the petitioner and his wife only, and comprises nothing more than an offer to lease with option to purchase.
A lease agreement containing an option to purchase was then prepared by Alexander, reciting the terms of the offer and to which, at the special request of petitioner, the following provision was inserted: "It is further agreed that the Lessor, William Schmauss, will be responsible for operation of major equipment such as heating system, air conditioning system, plumbing and the like, to be in good working order at the time of occupancy." Alexander read this proposed contract to Schmauss, who verbally approved it on long distance telephone. It was important to petitioner that he find a place as soon as possible and Schmauss was requested to confirm the approval by telegram. Schmauss sent the telegram at 11:28 o'clock a. m., and it was received in Baton Rouge at 12:27 o'clock p.m. on the same day.
On the strength of the long distance telephone conversation and the telegram received from Schmauss, Alexander reduced the contract to typewritten form and on July 17, 1963, petitioner and Alexander signed the contract. Petitioner paid the $150.00 for rent for the first month, the $400.00 deposit for the option to purchase, and took possession of the property. On July 18, 1963, the contract as well as the money was forwarded by Alexander to Schmauss for his signature. On July 23, 1963, Schmauss, with pen and ink, deleted the provision quoted above, affixed his initial and date in the margin, signed the contract as Lessor and mailed the signed copy to Alexander on July 24, together with a letter explaining the deletion. It is apparent that it could not have taken more than two or three days for the document and letter to reach the office of Alexander.
Notwithstanding the change in the terms of the agreement as made by Schmauss, Alexander failed to notify petitioner of said changes until August 17, 1963, when petitioner went to the office of Alexander to pay the rent for the second month and asked about his copy of the signed contract. Upon expressing dissatisfaction with the change, petitioner was informed by Alexander that they had been trying to contact Schmauss but had been unsuccessful. This, however, was no excuse for Alexander to fail to promptly notify petitioner of the change in the terms of the contract.
As would be expected under the circumstances, during the last week of August the air conditioner stopped working. Petitioner called Alexander to have it fixed and claims that Alexander agreed to do the necessary repairs. Of course, Alexander denies this and contends that he again tried to contact Schmauss by telephone without success. Some time later a Mr. Ward went to the home of petitioner at the request of Schmauss to make an estimate of the cost of repairs to the unit. As no progress was being made to remedy the situation, petitioner called Schmauss by long distance telephone, and Schmauss offered to pay one-half of the cost of repairs if petitioner would agree to pay the other half. This offer was not acceptable to petitioner, and on September 5 he gave Alexander written notice that he would move out of the house on or before September 16. Petitioner vacated the premises according to his notice, and this suit resulted.
In view of the above, the Lower Court correctly held that there was no contract between the petitioner and the defendant Schmauss. The jurisprudence of this state is to the effect that when parties agree to reduce their contract to writing, the contract is not perfected, and there is no contract until the writing is duly executed. Dreyfuss v. Process Oil and Fuel Company, 142 La. 564, 77 So. *885 283. The typewritten agreement which was signed by petitioner on July 17, 1963, and mailed to defendant Schmauss was no more than an offer by petitioner to lease the premises in accordance with the terms thereof. This offer was not accepted by Schmauss. His action in deleting the provision therefrom and returning same to Alexander constituted no more than an offer on the part of Schmauss to lease the premises to petitioner under the terms of this agreement as amended. This offer was never accepted by petitioner. When the agreement is verbally made and then reduced to writing, a material alteration after it has been executed by one of the parties invalidates the instrument and there is no agreement. American Guaranty Company v. Sunset Realty and Planting Company, 208 La. 772, 23 So.2d 409.
There is no question in our mind that defendant Schmauss is liable to petitioner in damages under the provisions of Article 2315 of the Louisiana Civil Code. It was the action of Schmauss in assenting to the arrangement over the telephone, and confirming said assent by his telegram of July 16, 1963, which led the petitioner to believe that he had reached an agreement. Thereafter, the petitioner moved his family into the premises of defendant Schmauss. Although we do believe that defendant Alexander was negligent in failing to notify the petitioner of the change in the terms of the contract made therein by defendant Schmauss, we do not believe that such negligence was a proximate cause of the damages sustained by petitioner. The facts show that at the time the amended contract was returned to Alexander, the petitioner had already moved his family into the premises of Schmauss. Even had Alexander immediately notified petitioner of the deleting in the provision of the contract of lease and option to purchase, the record does not disclose that the damages to petitioner would have been reduced or avoided. We, therefore, feel that the Lower Court erred in rendering judgment in damages against the defendant Alexander.
As we have stated before, the Lower Court evidently erred in not including the damages for telephone calls in its amount of award in favor of petitioner in the sum of $531.00. However, the petitioner has not appealed nor answered the appeal, and we are, therefore, without right to increase the award.
For the reasons hereinabove assigned, the judgment rendered by the Lower Court will be amended so as to dismiss the petitioner's action as it bears against defendant Alexander, and, as amended, the judgment will be affirmed. All costs of this appeal shall be paid by defendant Schmauss.
Judgment amended and affirmed.