YELVERTON, Judge.
Plaintiff, Lawrence Melancon, Roy Latio-lais, Chris Latiolais, and Louis Latiolais brought suit against Beatrice Durand Bien-venu the usufructuary, and Bernard J. Bienvenu, Lester J. Bienvenu, Delores Bien-venu, and Gordon Bienvenu the naked owners, alleging a breach of a contract to lease farm land. Defendants moved for a summary judgment which was granted by the trial court on the ground that there was no genuine issue as to material fact. Plaintiffs bring this appeal of the trial court’s grant of summary judgment. We reverse.
The summary judgment evidence in the record consists of the petition (and lease agreements attached thereto), an answer in the form of a general denial, depositions of each of the four plaintiffs, and a sworn affidavit executed jointly by plaintiffs Me-lancon and Roy Latiolais. This evidence reveals that plaintiff Melancon began farming defendants’ property, described as 105 arpents, in March of 1964 under a written recorded lease agreement. Melancon was the lessee. All defendants signed as lessors. This original lease was for six years ending January 15, 1970. Lessee-Melancon farmed the property in sugar cane as contemplated under the lease. He bound himself to a *581 number of additional terms and conditions, including the obligation to plant cane in the autumn of 1969 and leave 17 acres of stubble for the 1970 crop. Melancon was required to pay his lessors one-fifth of each crop and $15.00 a month. The latter payment was rent for a tenant house on the property.
In 1970 the first lease expired. Melancon and the usufructuary Mrs. Bienvenu negotiated a second six year lease. The second lease was identical to the first one. Being satisfied with their agreement, the parties elected not to see a lawyer. They simply retyped it themselves changing only the dates. They chose not to record the second six year lease.
When the second lease was about to expire at the end of December of 1975, Melan-con sought to renegotiate the lease for a third six year term with Mrs. Bienvenu. An increase in the rent value of the tenant house from $15.00 to $25.00 a month was agreed upon. Melancon had his wife retype the lease with this change. Melancon and two of the lessors signed it. According to Melancon’s deposition, Mrs. Bienvenu wanted another minor change but this was never done. Instead, the parties went on about their business for the next two years with Melancon continuing to farm and Mrs. Bienvenu continuing to accept her share of the cane crop and the increased rent of the tenant house. During this two year period Melancon retired from farming and the three Latiolais plaintiffs in this case took over the farming operation from him. There is some evidence this substitution met with Mrs. Bienvenu’s approval.
The principal material fact at issue is whether the parties had verbally agreed on all of the essential terms of a third year lease.
The trial judge found there was no genuine issue as to the material fact that the parties meant to reduce their agreement to writing and to sign it. Since they failed to do this, he concluded there was never a third six year lease and granted the motion for summary judgment. He correctly cited Bruhl v. White, 346 So.2d 734 (La.App. 1st Cir. 1977) for the law that if the parties contemplate that a contract be reduced to writing and that no agreement come into existence until such action is taken, then there is no contract until the writing is made and executed by the parties. The Bruhl case, supra, however, also restates another rule of law which may be applicable in the present case:
“. . . where parties enter into a lease and act upon the agreement, neither may withdraw on the pretext that a contract of lease was not reduced to writing although a written agreement was contemplated ... In such instances, if a verbal agreement includes all essential details of a lease and is acted upon accordingly, the agreement is binding.”
Plaintiffs allege in their petition that a lease of defendants’ property was agreed upon between them on January 1, 1976. They further allege that the contract in written form was signed by two of the five defendants and orally agreed to by the remaining three defendants.
Before the summary judgment hearing, plaintiffs filed an affidavit in opposition to the motion. The affidavit stated in pertinent part:
“Affiants and ROY LATIOLAIS AND LAWRENCE MELANCON, further declare that there did in fact exist a lease between the defendants and plaintiffs, which lease was for the period 1977 through 1982, and had the same terms and conditions as that lease previously entered into between defendants and plaintiff, Lawrence P. Melancon . .”
Melancon’s deposition despite its apparent inconsistencies leaves unsettled the factual question of whether or not there was a verbal lease. At one point in the deposition he clearly stated that there was.
It is also pertinent to note that plaintiffs actually farmed the land for two years after 1975 and paid rent to defendants which was accepted. Defendants’ contention that this was merely the reconduction of the earlier lease is clearly a disputed fact issue. *582 Melancon s deposition indicates that by the nature of sugar cane farming, lessees would not have reconducted for two years because sugar cane farming and the utilization of stubble operates on a three-year cycle.
A summary judgment may be granted only when the summary judgment evidence establishes that there exists no genuine issue as to any material fact. La.Code of Civil Procedure, Article 966. In Moreaux v. American Mutual Insurance Company, 302 So.2d 686 (La.App. 3rd Cir. 1974), the rules on summary judgment were summarized as follows:
“(1) Summary judgment is granted only where the absence of a genuine issue as to material fact has been clearly shown.
(2) The burden is on the party moving for summary judgment.
(3) Any doubt as to granting the motion shall be resolved against the mover and in favor of a trial on the merits.
(4) Summary judgment may not be granted on the basis that the affidavits on one side preponderate, over the opposing affidavits.
(5) Affidavits submitted Shall be made on personal knowledge.”
See also Mashburn v. Collin, 355 So.2d 879 (La.1977). All reasonable doubt as to the existence of a genuine issue of fact must be resolved against the moving party. Ray's Appliance & Air Conditioning v. Heard, 343 So.2d 435 (La.App. 3rd Cir. 1977).
Applying these rules to the instant case, we find that the trial court’s grant of a summary judgment must be reversed. There exists reasonable doubt as to the existence of facts, and this doubt must be resolved against the moving party. We remand to the trial court for further proceedings and assess all costs of this appeal against the appellees.
REVERSED AND REMANDED.