LABORDE, Judge.
Plaintiffs, Lawrence P. Melancon, Roy Latiolais, Chris Latiolais, and Louis Latio-lais sued Beatrice Durand, Bernard J. Bien-venu, Lester J. Bienvenu, Delores Bienvenu, and Gordon P. Bienvenu alleging breach of a contract to lease farm land. The trial court decided in defendants’ favor and dismissed plaintiffs’ claim. Plaintiffs appeal. We affirm. Plaintiffs have not proved by a preponderance of the evidence that the parties entered into a written or verbal lease, nor have plaintiffs proved any damages resulting from the alleged breach of contract.
Beatrice Durand is the usufructuary and the other defendants are the naked owners of farm land located near Bayou Teche in St. Martin Parish. In March of 1964, plaintiff Melancon began farming operations on the defendants’ land under a written, recorded lease agreement. This original lease was for a term of six years, ending January 15, 1970.
Upon the expiration of the first lease in 1970, Melancon and Mrs. Beatrice Durand, *743 the usufructuary of the property, negotiated a new lease for a term of six years ending in December, 1975. This lease, identical to the first lease, was written but not recorded.
When the second lease was about to expire at the end of December, 1975, Melan-con sought to re-negotiate the lease for another six-year period. Some changes were made and Melancon’s wife typed up a lease agreement which was signed by Me-lancon and two naked owners of the property. The usufructuary, Mrs. Beatrice Du-rand, wanted some additional changes and refused to sign the lease. This lease was never signed by Mrs. Durand. However, Melancon continued to farm the land in 1976. In 1977, Melancon retired from farming and the Latiolais brothers took over the farming operations from him. When Mrs. Durand discovered that Melancon was no longer conducting the farming operations, she notified the Latiolais brothers that she did not desire to lease the land to them after the 1977 harvest.
The plaintiffs filed this suit seeking damages for breach of the lease contract. The defendants filed a motion for summary judgment which was sustained by the trial court. On appeal, this court reversed the trial court’s grant of a summary judgment and remanded for further proceedings. Melancon v. Durand, 378 So.2d 580 (La.App. 3rd Cir. 1979). On remand, after trial on the merits, the trial court concluded that the defendants did not agree to the new six-year lease beginning in 1976, but that there was tacit reconduction of the previous lease for the years 1976 and 1977. The trial court also concluded that the plaintiffs had not proved any damages resulting from Mrs. Durand’s failure to lease the property to them after 1977.
The plaintiff in a civil matter must prove each element of his case by a preponderance of the evidence. This standard has been described by some courts as meaning “evidence which is of greater weight or which is more convincing than evidence offered in opposition thereto, and which, because it best accords with reason and probability, or which because of its more convincing nature and quality, best tips the scales of justice in favor of the party upon whom the burden rests.” Alexander v. St. Paul Fire & Marine Insurance Co., 312 So.2d 139 (La.App. 1st Cir. 1975) writ refused 313 So.2d 846 (La. 1975); Bailey v. Travelers Insurance Company, 210 So.2d 93 (La.App. 1st Cir. 1968) and Lemoine v. Noel, (La.App. 3rd Cir. 1981) our # 8140 rendered April 15, 1981.
The trial court concluded that no written lease was entered into between Me-lancon and Mrs. Durand after the second lease expired at the end of 1975, nor was a verbal lease entered into because the parties could not agree on the details of the lease. The second lease was tacitly recon-ducted in 1976 and 1977 when farming operations were conducted on the land without objection from Mrs. Durand. The trial court also concluded that the Latiolais brothers did not negotiate a lease with Mrs. Durand and had no contact with her at all until she notified them in July or August of 1977 that she no longer desired to let them conduct farming operations on her land. The trial court further concluded that the plaintiffs had not proved by a preponderance of the evidence any damages resulting from Mrs. Durand’s refusal to allow the plaintiffs to conduct farming operations on her land after the 1977 harvest.
Our own review of the evidence indicates that the testimony was conflicting. The trial court’s factual determination will not be disturbed on appeal unless a review of the record reveals that the decision is manifestly erroneous or clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La. 1973); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Canter v. Koehring Company, supra. We cannot say that the trial court’s conclusions are clearly wrong.
*744 For the above and foregoing reasons, the judgment of the trial court dismissing the plaintiffs’ demands is affirmed. All costs are assessed against the plaintiffs-appellants.
AFFIRMED.