WILLIAMS, Judge.
Petrie Stores Corporation (Petrie) and Mayfair of New Orleans (Mayfair) leased a building from the Estate of Mary Karlem Sirera on Canal Street in New Orleans. Prior to the expiration of the lease, Petrie and Mayfair (defendants) began negotiating a renewal. Despite negotiations, the renewal was never perfected and the defendants vacated the Canal Street premises at the expiration of the lease.
The Estate of Mary Karlem Sirera filed suit against defendants for specific performance. The plaintiff sought to force *637 Petrie and Mayfair to execute a renewal lease. Plaintiffs original petition alleges that defendants expressed a desire to renew the lease on the Canal Street premises, negotiations failed and, on September 12, 1984, Samuel Polese, representative of defendant, endorsed a letter sent by plaintiff’s representative, Joseph Ransmeier. The letter indicated that there was an agreement between the parties that a renewal lease would be drafted in accordance with the terms set forth in the letter. The plaintiff was to forward the proposed lease to defendants for approval.
Plaintiffs petition alleges that on November 21, 1984 the proposed renewal lease was forwarded to Polese for execution. Plaintiff asserts that the terms of the lease conformed to the terms to which the parties agreed. By letter dated March 1, 1985, defendants returned the renewal lease in a modified form and such was rejected by the plaintiffs. Plaintiff alleges that the defendants subsequently advised plaintiff that Petrie and Mayfair did not intend to renew the lease on the Canal Street premises. Attached to plaintiffs petition were the following documents:
The original lease for the Canal Street store
a copy of the March 5 letter bearing the March 12 endorsement
a copy of the proposed renewal lease a copy of the renewal lease with modifications as proposed by defendants
a copy of plaintiffs letter rejecting the modified lease
a copy of defendants’ letter expressing an intent not to renew the lease
Defendants filed an exception of no cause of action which the trial court maintained. Subsequent to the filing of the exception but prior to the hearing, plaintiff filed a supplemental and amended petition making additional claims for damages resulting from an alleged breach of an oral agreement to renew the leased premises; for damages arising out of the then present lease; and for future damages should plaintiff be unable to lease the premises to a third party. In its disposition of the matter, the trial court sustained the exception of no cause of action and dismissed the claim of specific performance only. Plaintiff appeals.
We affirm the trial judge’s determination that plaintiff’s petition fails to set forth a cause of action. Plaintiff’s original petition sets forth a demand for specific performance based upon an alleged agreement to renew the lease on the Canal Street property. The petition alleges that the March 5 letter and subsequent endorsement evidenced an intent of the parties to renew the lease of the property according to the terms outlined in the letter. It is apparent from the letter that the parties contemplated that there would be a final lease agreement executed in writing. When the parties agreed that the final lease agreement was to be reduced to a writing which contained the details of the agreement, the contract did not come into existence nor was an obligation enforceable until the agreement was reduced to writing executed by the parties. Bruhl v. White, 346 So.2d 734 (La.App. 1st Cir.1977). Without a reduction to writing there was no enforceable agreement and, consequently, there was no basis upon which the plaintiff could state a cause of action.
The dismissal of plaintiff’s cause of action arising from an alleged agreement to renew the lease does not preclude plaintiff’s recovery of damages based on claims arising from the initial lease. Through the original and supplemental and amended petition the plaintiff has cumulated two actions, each based on its own factual circumstances. La.Code Civ.Pro. art. 462. Because the circumstances of the alleged renewal agreement do not relate to the action for damages arising from the initial lease, the trial court did not err in dismissing one of the claims, leaving the other intact since each constituted a separate cause of action. See Harris v. Bardwell, 373 So.2d 777 (La. App. 2d Cir.1979).
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.