STOKER, Judge.
This case involves the issue of whether an oral agricultural lease was reconducted. Defendant orally leased 207 acres of agricultural property from plaintiff for farm *549 ing for a one calendar year term in 1983. Defendant had previously leased other land from plaintiff. The price agreed on for each year varied with the success of the crop sales of the preceding year. At the end of 1983, defendant sold his farm equipment. Plaintiff bought one of defendant’s tractors. Defendant did not express an intent to renew the lease in 1984 to plaintiff. Sometime in January or February 1984, defendant told plaintiff he was not farming anymore and someone else was interested in renting the land. Plaintiff then leased 63 acres from the 207-acre tract to Ralph Ingram for 1984. Defendant still had some horses grazing on oats left over from his 1983 planting on about 30 acres of plaintiffs property.
Plaintiff filed suit against defendant for rent due on 140 acres for 1984 and property damages. The trial court awarded to plaintiff rent of $40 per acre, based on the 1983 rental price and similar 1984 rentals and damages for fence repairs, and denied plaintiffs claim for other property damages. Defendant appeals that part of the judgment awarding $5,600 rent for 1984 to plaintiff.[1]
OPINION
The trial court based its holding on the finding that the 1983 lease had been reconducted. LSA-C.C. art. 2688 governs reconduction of agricultural leases:
“Art. 2688. Reconduction of lease of predial estate by continued possession after expiration of term
If, after the lease of a predial estate has expired, the farmer should still continue to possess the same during one month without any step having been taken, either by the lessor or by a new lessee, to cause him to deliver up the possession of the estate, the former lease shall continue subject to the same clauses and conditions which it contained; but it shall continue only for the year next following the expiration of the lease.” (Emphasis added)
In Cappel v. Duplechain, 356 So.2d 77 (La.App. 3d Cir.), writ denied, 358 So.2d 643 (La.1978), this court held that reconduction did not apply where the acreage in the lease was changed. The court found that because a condition of the old lease was changed it was not reconducted but, rather, a new lease agreement was made. In Misse v. Dronet, 493 So.2d 271 at 273 (La.App. 3d Cir.1986), with reference to recon-duction of an apartment lease, this court stated:
“The reconducted lease is actually a continuation of the original lease in all respects except that the fixed terms or period of duration under the old lease is voided and the reconducted lease is considered to be by the month. Governor Claiborne Apartments, Inc. v. Attaldo, [256 La. 218, 235 So.2d 574 (1970)] supra.”
Plaintiff alleged, and the trial court found, that defendant leased only 140 acres in 1984, rather than the 207 acres leased in 1983. Since a change in the acreage leased constitutes a change in a condition of the lease, the 1983 lease was not reconducted. We must turn therefore to a consideration of whether a new lease agreement was reached.
A lease must have three essential elements: the thing, the price and consent. LSA-C.C. art. 2670. See also LSA-C.C. art. 2674. The price in a lease should be certain and determinate. LSA-C.C. art. 2671; McCain v. McCain Bros., 165 La. 884, 116 So. 221 (1928); Mouton v. P.A.B., Inc., 450 So.2d 410 (La.App. 3d Cir.), writ *550 denied, 458 So.2d 118 (La.1984). Plaintiff testified that the price agreed upon for previous leases varied from year to year, depending on the success of the previous year’s crop sales. No evidence was presented as to a price agreed on between plaintiff and defendant for a 1984 lease, nor did plaintiff allege that one had been agreed on. Since a price or a method for determining the price was not agreed to, there was no lease. Therefore, the trial court erred in awarding past due rent for 1984 to plaintiff under the purported 1984 lease.
However, we affirm the trial court's judgment awarding to plaintiff $385 for fence repairs. Defendant admitted that his men cut some of the fences when he was farming the land in 1983 and that he did not do a good job of repairing the damaged fences. Plaintiff testified that the damages were based on replacement costs for fence posts and barbed wire and also labor costs.
Accordingly, the judgment of the trial court is reversed as to the award of past due rent and affirmed as to the damages awarded for fence repairs. Costs of the trial court and this appeal are assessed one-half to plaintiff-appellee and one-half to defendant-appellant.
REVERSED IN PART AND AFFIRMED IN PART.

. Plaintiff has attempted to appeal through his brief, contending the trial judge erred in not awarding property damages. However, plaintiffs "appeal” was not timely filed in accordance with LSA-C.C.P. arts. 2133 and 2161. See Landry v. Nobility Homes, Inc., 488 So.2d 726 (La.App. 3d Cir.), writ denied, 491 So.2d 21 (La.1986). Moreover, an appellee who believes himself aggrieved by a judgment in his favor, in order to place himself in a position to ask for amendment thereof, must expressly answer the appeal In written motion, not merely raise the issue in a brief. LSA-C.C.P. art. 2133; Arrow Fence Co. v. DeFrancesch, 466 So.2d 631 (La.App. 5th Cir.), writ denied, 468 So.2d 575 (La.1985); Brewington v. Louisiana Dept. of Corrections, 447 So.2d 1184 (La.App. 3d Cir.), writ denied, 449 So.2d 1348 (La.1984). Therefore, we are precluded from considering the issue raised solely in plaintiff-appellee’s brief.