589 So.2d 1208 (1991)
Johnette L. MARTIN
v.
Irving D. SCHLUNTZ.
No. 90-CA-1474.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1991.
*1209 Robert B. Schambach, Metairie, for plaintiff.
Before ARMSTRONG and PLOTKIN, JJ., and GULOTTA, J. Pro Tem.
ARMSTRONG, Judge.
Plaintiff, Johnette L. Martin appeals the trial court's judgment finding that the lease agreement sued upon was an oral month-to-month lease and the court's quantum award for damages.
Johnette L. Martin owns a piece of immovable property located at 2429 Burgundy Street, New Orleans, Louisiana. On or about April 18, 1987, when defendant, Mr. Schluntz, viewed the premises, he spoke with Ms. Martin about an extended lease agreement for a reduced rent of $450.00 as opposed to $500.00. On April 20, 1987, pursuant to this oral agreement, Mr. Schluntz sent Ms. Martin a letter indicating his intent to occupy, effective May 1, 1987, based on the terms that the parties had discussed. The parties intended to enter into a formal written lease to memorialize the terms of the oral agreement but Ms. Martin was in the midst of her law school examinations so the signing of the lease was postponed.
On July 23, 1987, Ms. Martin received a written notice from Mr. Schluntz dated July 21, 1987 evidencing his intent to vacate the premises effective August 1, 1987. The letter suggests that Mr. Schluntz was exercising his option to vacate because no written lease had ever been signed for their mutual protection. On or about August 1, 1987, Mr. Schluntz vacated the premises. Thereafter, Ms. Martin inspected the premises and found them to be in a deplorable, unsanitary and damaged condition.
As a result of Mr. Schluntz's action, Ms. Martin was unable to rent the premises for the months of August, September, and October, 1987. Ms. Martin engaged a professional real estate firm to find another tenant for the premises and subsequently a *1210 lease was signed in the month of October, 1987.
Ms. Martin brought suit alleging damages for real estate fees, two months rent and a rent differential totalling $4,740.00. Ms. Martin also alleged damages for the repair of the premises in the amount of $235.00. Mr. Schluntz filed an answer denying the existence of a lease between the parties. This matter was tried on December 12, 1989 and the court rendered judgment in favor of Ms. Martin for the amount of $275.00 together with legal interest thereon from the date of juridical demand.
By her first assignment of error, Ms. Martin argues that the trial court failed to recognize that the parties had confected an oral lease for a term of three years.
La.C.C. article 2669 defines lease as:
A synallagmatic contract to which consent alone is sufficient, and by which one party gives to the other the enjoyment of a thing, or his labor, at a fixed price.
Ms. Martin maintains that when Mr. Schluntz inspected the premises on April 18, 1987 he expressed a desire to enter into a lease. A negotiation took place regarding the terms and conditions of the lease. In consideration of a lease term of 3 years, Ms. Martin reduced the monthly rent from $500.00 to $450.00. The parties further agreed that Mr. Schluntz could take posession of the premises on May 1, 1987 upon payment of a $500.00 damage deposit and a $250.00 pet deposit.
On April 20, 1987, the parties had a telephone conversation the contents of which are embodied in Mr. Schluntz's letter of April 20, 1990. This letter, admitted into evidence, alludes to an "extended lease" agreement.
Ms. Martin argues that Mr. Schluntz's letter and the amount of rent to be paid clearly evidence that the parties intended an extended lease term of 3 years. She asserts that the trial court erred when it found that there was "no meeting of the minds" when it was clear that there was consent. Ms. Martin contends that the three conditions of a lease were proven: the thing, (the premises), the price, (the negotiated $450.00) and the consent (offer and acceptance and performance by the parties). City of New Orleans v. Cheramie, 509 So.2d 58 (La.App. 1st Cir.1987); Bruhl v. White, 346 So.2d 734 (La.App. 1st Cir.), writ denied, 349 So.2d 1268 (La.1977); Add Chemical Co. v. Gulf-Marine Fabricators, 345 So.2d 216 (La.App. 3d Cir.), writ denied, 347 So.2d 263 (La.1977). She argues that the lease agreed upon should be enforced against Mr. Schluntz.
Leases may be made either by written or verbal contract. La.C.C. article 2683. However, when negotiating parties agree that the final contract will be reduced to writing, then that agreement is an integral part of the contract itself, and therefore, until such agreement is reduced to writing there is no contract. Either party may retract or refuse to abide by what had been orally agreed upon. Sterkx v. Gravity Drainage District No. 1 of Rapides Par., 214 So.2d 552 (La.App. 3d Cir.), writ refused, 252 La. 964, 215 So.2d 130 (La.1968).
Mr. Schluntz concedes the existence of an oral agreement but contends that he did not view it as binding until such time as it was set out on paper and their signatures were affixed thereto. Ms. Martin claims that she contacted Mr. Schluntz repeatedly about signing the lease and he was consistently unavailable to do so. The record establishes that Ms. Martin failed to produce a prepared lease agreement. Nor could she account for why she did not simply mail the prepared lease agreement to Mr. Schluntz for his signature.
Finding that there was no contract between the parties, the trial court applied the legal presumption that they entered into a month-to-month lease. La.C.C. article 2685. We find no manifest error with the trial court's determination.
By her second assignment of error, Ms. Martin argues that she was entitled to damages for detrimental reliance in the amount of $50.00 per month from April 1, 1987 until May 1, 1990, for a total of $1,800.00. The trial court awarded Ms. Martin $150.00 for the months of May, *1211 June and July, the period of time Mr. Schluntz occupied the premises.
La.C.C. article 1967 provides:
A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.
The essential elements to state a detrimental reliance theory of recovery in Louisiana are: (1) a representation by conduct or word; (2) justifiable reliance thereon; and (3) a change of position to one's detriment because of the reliance. John Bailey Contractor, Inc. v. State, 425 So.2d 326, 328 (La.App. 3d Cir.1982), affd., 439 So.2d 1055 (La.1983).
We agree with the trial court. Ms. Martin established her detrimental reliance claim for those months that Mr. Schluntz occupied the apartment. She allowed him to occupy the apartment for a reduced rent upon his representation that he would remain for an extended period of time. Her damages are limited to the amount of the rent reduction for May, June and July only. Even if we had concluded that an agreement existed for an extended lease term, Ms. Martin would not be entitled to an award for detrimental reliance for future months. She would have suffered no detriment. It is only because Mr. Schluntz occupied the apartment at a reduced rent that Ms. Martin is entitled to an award for detrimental reliance. This assignment of error lacks merit.
Finally, Ms. Martin argues that she sustained certain costs in an attempt to mitigate damages when Mr. Schluntz breached the lease agreement.
Ms. Martin claims that she is entitled to $1,350.00 (loss of three months rent); $1,650.00 (the rent differential between $450.00 which she was entitled to under her oral lease agreement with Mr. Schluntz and $400 which is what she was forced to lease the premises for when he breached the lease); $240.00 (the rental commission); and $175.00 (for replacing the ceiling fan and providing for maid and extermination service). From a grand total of $5,215.00 (includes $1,800.00 for detrimental reliance) she deducts a credit of $250.00 (which represents the pet deposit paid by Mr. Schluntz), for an outstanding balance of $4,965.00.
Having already concluded that no lease agreement existed between the parties, Ms. Martin is not entitled to any damages for the breach of a lease; that includes the loss of three months rent, the rent differential between what Mr. Schluntz paid and what her subsequent tenant leased the apartment for, and the rental commission. Ms. Martin is entitled to and the trial court did award her $175.00 in damages for replacement of the ceiling fan, extermination service and maid service.
There was uncontradicted testimony at trial that the parties contemplated that Mr. Schluntz would pay a $500 damage deposit and a $250 pet deposit. Ms. Martin collected $250.00 when Mr. Schluntz moved in. She agreed to stagger the $500.00 balance over the course of the next two months because Mr. Schluntz could not pay it all at once. The balance was never paid. Therefore Mr. Schluntz was only entitled to a $250.00 credit against the judgment.
The judgment awarded Ms. Martin $150.00 in detrimental reliance, $175.00 in documented damages and $200.00 for her labor in cleaning the apartment, for a total of $525.00. After deducting Mr. Schluntz's credit of $250.00, Ms. Martin is only entitled to $275.00. We decline to disturb the trial court's judgment.
For the foregoing reasons, the trial court's judgment is affirmed.
AFFIRMED.