653 So.2d 678 (1995)
A. C. D'ANTONIO
v.
Martin J. SIMONE, Sr.
No. 94-CA-798.
Court of Appeal of Louisiana, Fifth Circuit.
March 15, 1995.
Stephanie D. Naquin, Metairie, for plaintiff/appellee.
Kenneth V. Faherty, Metairie, for defendant/appellant.
Before DUFRESNE, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
Plaintiff filed this suit for return of rents in First Parish Court for the Parish of Jefferson. The matter proceeded to trial and judgment was rendered in favor of plaintiff in the amount of $2,333.35. Defendant appeals. We affirm.
Testimony offered at trial shows that in 1985, plaintiff, an attorney, negotiated an oral lease for office space in a building owned by defendant located at 5020 Utica Street in Metairie. The lease was never reduced to writing. There is some confusion over what the monthly rate was originally, but both parties agree that in 1993 the rate was $525.00. Both parties also agree that on March 5, 1993, plaintiff gave a check to defendant *679 for $5600.00 to cover the rent for one year. A copy of the cancelled check was introduced into evidence. On the face of the check Mr. D'Antonio wrote, "rent through Feb. 28, 1994". With the payment of $5600.00 the monthly rate was reduced from $525.00 to about $466.66.
Plaintiff asserts the check was an advance payment made on an oral, month-to-month lease in consideration for a reduced monthly rent. Defendant disputes the assertion that the lease was on a month-to-month basis, and argues that the check represents payment in full on a one-year lease. The trial court ruled in favor of the plaintiff.
Plaintiff testified that he discussed with Mr. Simone, Jr., defendant's son and manager of the building, the possibility of paying rent in advance for a reduction in the monthly rate; an arrangement to which the manager was amenable. Subsequently, when Mr. D'Antonio received a settlement, he approached Mr. Simone, Jr. to discuss the terms of the advance payment. It was agreed that Mr. D'Antonio would pay a lump sum payment of $5600.00 for one year. The check was written on March 5, 1993.
Mr. D'Antonio decided to move out at the end of September, 1993. He gave his landlord thirty days written notice of the decision to vacate the leased premises. Mr. D'Antonio stated that he asked Mr. Simone, Jr. for a return on the unused portion of the advance rent payment and was originally told it would be refunded. However, Mr. Simone, Sr. refused to refund the money, taking the position that the term of the lease was for one year. A demand letter sent to the defendant produced no results and plaintiff filed this lawsuit.
The plaintiff offered testimony from another tenant in the building, Mr. E. Martin Fontaine, who testified that he has an oral, month-to-month lease. When plaintiff attempted to call two other witnesses who are tenants of the building to offer the same testimony, defendant offered a stipulation as follows:
We'll stipulate to that. Everyone in that building had an oral lease. Everybody paid month-to-month. There were no written leases. We'll stipulate to that. After that stipulation was made, the court released the two other witnesses and the plaintiff rested.
The defendant moved for a directed verdict based on the plaintiff's testimony that he paid $5600.00 for a one-year lease and he moved out prior to the end of the term. The trial court denied the motion noting that the stipulation had just been made that every lease was on a month-to-month basis. At that point the defendant explained that his stipulation was that everyone, including Mr. D'Antonio, had a month-to-month lease up to the time the $5600.00 payment was made. The motion was denied and the matter proceeded.
The defendant testified that Mr. D'Antonio came to him and offered to pay a whole year in advance in return for a reduction in rent. Mr. Simone stated:
"His rent was five and a quarter a month. I said, well I figured that with him saying he's going to pay the whole year in advance, I said, well, heck, here I got the place rented for a whole year."
When asked if he considered that to be a one-year lease, Mr. Simone answered:
"I figured a one year's rent, yeah. Sure. That's better than a lease because you got the money in the hand, you know."
. . . . .
And he put on the check `one year in advance', you know, and that's like I said, a lease, you got to collect your money every month, but when you're paid-when you get your money all at one time, that's better than a lease."
Neither party disputes the fact that the entire building was leased on an oral month-to-month basis until March 1, 1993. Plaintiff contends his lease continued as such, and the $5600.00 check merely represented an advance paid on the monthly rent to secure a discounted rate for the next twelve months. Defendant argues that the parties entered into a new lease contract with a one year duration effective March 1, 1993, as evidenced by the payment of the $5600.00. However, Mr. Simone, Sr. admitted that he did not know whether his son, manager of *680 the building, had told Mr. D'Antonio that the lease could be terminated early with a full refund of unused rent. Mr. Simone, Jr. acted as counsel for the defense, and as such, could not testify as to the nature of his agreement with Mr. D'Antonio.
A contract of lease may be verbal; nevertheless, there must be a contract. LSA-C.C. art. 2683, Succession of Skinner v. Fuller, 466 So.2d 535 (La.App. 3 Cir.1985), writ denied 472 So.2d 36 (La.1985). "A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." LSA-C.C. art. 1906. To be valid, a contract of lease must have three essential elements, to wit: the thing, the price and the consent. LSA-C.C. art. 2670. Price is an essential element of a contract of lease. The price must be certain and determinable. LSA-C.C. art. 2671; Miller v. Ryder, 540 So.2d 548 (La.App. 3 Cir.1989). When the price is changed by consent of both parties a new lease is contracted. See Weaks Supply Company v. Werdin, et al, 147 So. 838 (La.App. 2 Cir.1933) and 154 So. 378 (La.App. 2 Cir.1934); Maxwell, Inc. v. Mack Trucks, Inc., 172 So.2d 297 (La.App. 4 Cir. 1965), writ refused, 247 La. 717, 174 So.2d 131 (1965). When by agreement the price is changed, a new price and a new consent are created. The only essential feature remaining the same is the occupancy of the thing. LSA-C.C. art. 2670, Misse v. Dronet, 493 So.2d 271 (La.App. 3 Cir.1986). Thus, when the parties in the instant case agreed to change the rent from $525.00 per month to $5600.00 per year a new contract of lease was established.
From the trial court's oral reasons for judgment, it is apparent that the court made a finding of fact which we construe to mean that, while the duration of the oral lease was for one year, there were no penalties for early termination.
Interpretation of a contract is the determination of the common intent of the parties. LSA-C.C. art. 2045, Miller v. Louisiana Gas Service Co., 638 So.2d 458 (La. App. 5 Cir.1994), writ denied 644 So.2d 394 (La.1994). Intent of the parties is a matter of fact to be inferred from all of the surrounding circumstances. Borden v. Gulf State Utilities Company, 543 So.2d 924 (La. App. 1 Cir.1989), writ denied, 545 So.2d 1041 (La.1989); Belle Pass Terminal, Inc. v. Jolin, Inc., 634 So.2d 466 (La.App. 1 Cir.1994), writ denied 638 So.2d 1094 (La.1994). One of the best ways to determine what the parties intended in a contract is the method in which the contract is performed, particularly if done consistently over and over again for a period of many years. Gamble v. D.W. Jessen & Associates, 509 So.2d 1041, 1043 (La. App. 3 Cir.1987), writ denied, 514 So.2d 454 (La.1987). A contract may be modified or dissolved through mutual consent or by law. LSA-C.C. art. 1983; River Oaks, Inc. v. Blue Cross of Louisiana, 595 So.2d 785 (La.App. 5 Cir.1992), writ denied 598 So.2d 361 (La. 1992); Wise v. Lapworth, 614 So.2d 728 (La. App. 5 Cir.1993).
Given the testimony at trial that all leases between the lessor and all tenants had always been on a month-to-month basis, and the unrefuted testimony that Mr. Simone, Jr. initially told plaintiff he would receive a refund on the unused portion of rent paid, we cannot find manifest error in the trial court's ruling. Rosell v. ESCO, 549 So.2d 840 (La. 1989).
For the above reasons the judgment of the trial court is affirmed.
AFFIRMED.