509 So.2d 1041 (1987)
William A. GAMBLE Plaintiff-Appellant,
v.
D.W. JESSEN & ASSOCIATES, a partnership and D.W. Jessen, individually Defendant-Appellee.
No. 84-1216.
Court of Appeal of Louisiana, Third Circuit.
July 13, 1987.
Rehearing Denied August 12, 1987.
*1042 McHale, Bufkin & Dees (Michael K. Dees), Salter, Streete & Hale (Stephen R. Streete), Lake Charles, for defendant-appellee.
Scofield, Bergstedt, etc. (Thomas M. Bergstedt and David Hoskins), Lake Charles, La., for plaintiff-appellant.
Before DOMENGEAUX, J., BABINEAUX[*] and TEEKELL[*], JJ. Pro Tem.
LLOYD G. TEEKELL, Judge Pro Tem.
This case is before us in part, for a second time. Our original opinion is reported at 491 So.2d 483 (La.App. 3rd Cir. 1986). The Louisiana Supreme Court granted a partial writ, and remanded back to us to decide only the issue of back compensation due relator William A. Gamble, if any. 496 So.2d 319 (La.1986).
Some discussion of the facts of the case is necessary in order to properly address the issue of compensation. Plaintiff William A. Gamble and defendant D.W. Jessen were college classmates and graduated from the LSU School of Engineering in 1940 with degrees in civil engineering. After World War II, Gamble returned to LSU to study mechanical engineering and served as an instructor in civil engineering. Meanwhile, Jessen had established a practice of civil engineering in Lake Charles, Louisiana. On June 22, 1949, following a brief period in private industry, Gamble joined Jessen in Jessen's already established practice of civil engineering in Lake Charles. This professional relationship continued until Gamble's departure on June 30, 1981.
Gamble initially was paid a flat salary. In two or three years an arrangement was developed whereby Gamble would receive forty percent (40%) of the net income of the practice. This agreement was never adduced to writing. Gamble perceives this arrangement as a partnership agreement, whereas Jessen contends that there was never any discussion between them regarding a partnership and that he simply converted Gamble's salary to a percentage of net profit out of a desire to give an incentive to Gamble to work harder. Neither party contends that the matter of a partnership was ever discussed thereafter.
The Supreme Court did not disturb this Court's holding that no partnership ever existed, but remanded on the issue of back compensation, if any, due Mr. Gamble.
Gamble contends that inasmuch as his petition did reflect a demand for some sort of monetary award, that if the evidence showed that his "salary" (however derived) was incorrectly calculated to his disadvantage, that he should be awarded a monetary sum to make up for any shortage. In this connection it is pointed out that (at Mr. Jessen's direction) the firm's accountant deducted annual depreciation on the equipment (along with all other expenses of the firm) from the gross income, in order to arrive at a net profit. Mr. Gamble's forty percent of such profit was then calculated, and then forty percent of the depreciation figure was deducted from Mr. Gamble's forty percent, in order to arrive at the actual salary figure to be paid to Gamble.
Although the trial judge permitted evidence on this very point (over the objection of defendant), he did not address or resolve this issue in view of his finding that no partnership ever existed. Since the timely objection by the defendant would prevent an enlargement of the pleadings by such evidence, the trial judge evidently concluded that plaintiff's petition did not contain a sufficiently articulated demand for unpaid wages.
Rather than leaving open the issue of wages, salary or compensation based on a technical pleading basis, the Louisiana Supreme Court desires that this Court decide the issue of whether there may be any sums owed plaintiff as a result of his allegation that his salary had been miscalculated.
*1043 "Net profit" or "net income" as represented by the books of a business can be an elusive thing. For instance, whether depreciation on equipment is calculated on a straight line basis (same percentage each year over the life expectancy of the item) or on a declining balance basis (fifty percent the first year, then fifty percent of the balance the next year and so on over the life expectancy of the item) can yield a significant difference in the actual dollars and cents deducted in a given year.
Actually, whatever sum Gamble received (however derived) was in the way of a salary since there was no partnership. As indicated previously, the conversion from a fixed salary figure to a percentage of the income basis was to lend incentive to work harder so as to increase the firm's income in which Gamble would share.
Gamble's income was simply converted from a flat fixed salary basis to a percentage of the income basis. It was really inconsequential how the "net profit" (from which Gamble would share) was calculated so long as it was consistent and generated an income to Gamble with which he was satisfied.
The method by which Gamble's salary was calculated had never been questioned by him over the thirty-year period that he was associated with Jessen. The evidence shows that Mr. Gamble periodically reviewed with the accountants the financial information of the business and had complete access to all of the business records of the firm located at the office, which he also reviewed from time to time. During all of this time Mr. Gamble never objected to the method of calculation.
One of the best ways to determine what the parties intended in a contract is the method in which the contract is performed, particularly if done consistently over and over again for a period of many years. Marcann Outdoor, Inc. v. Hargrove, 140 So.2d 815 (La.App., 3rd Cir., 1962); TR Drilling Company, Inc. v. Howard, 463 So.2d 923, (La.App., 2d Cir., 1985); Pendleton v. McFarlane, 222 La. 569, 63 So.2d 1, (1953).
The best way of determining what the parties intended by their agreement for Mr. Gamble to be paid on the basis of a percentage of the net profits would be their own actions and their acquiescence in a method of doing this for a period of thirty years.
The bottom line is that Mr. Gamble accepted his salary based on calculations rendered by the accountant who was working for both Mr. Gamble and Mr. Jessen, and it was only after the parties dissolved their relationship that Mr. Gamble objected to the method of calculation.
Thus, since Mr. Gamble drew his agreed upon salary throughout the existence of the relationship between the parties, his claim for additional compensation should be and the same is hereby denied.
Accordingly, the judgment of the district court in favor of the defendant-appellee is reaffirmed at the appellant's cost.
AFFIRMED.
NOTES
[*] Judge Allen M. Babineaux of the Fifteenth Judicial District Court and Judge Lloyd G. Teekell of the Ninth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.