# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-137

W.D. NEWCOMB

VERSUS

SCOTT TRUCK AND TRACTOR
COMPANY, L.L.C.

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT,
PARISH OF AVOYELLES, NO. 2003-4854-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Michael G. Sullivan, Billy H. Ezell, and J. David Painter, Judges.

**REVERSED AND RENDERED.**

Eric LaFleur
Mahtook & LaFleur
211 S. Coreil Street
P.O. Box 617
Ville Platte, LA 70586
Counsel for Defendant-Appellant:
    Scott Truck and Tractor Company, L.L.C.

J. Morgan Passman
Walker & Passman, L.L.P.
P.O. Box 13020
Alexandria, LA 71315
Counsel for Plaintiff-Appellee:
    W.D. Newcomb

**PAINTER, Judge.**

Defendant, Scott Truck & Tractor Company, L.L.C. (Scott Truck & Tractor), appeals the trial court's judgment awarding Plaintiff, W.D. Newcomb (Newcomb), $20,000.00 in his suit for breach of contract. For the following reasons, we reverse the judgment of the trial court and render judgment in favor of Scott Truck & Tractor.

## FACTUAL AND PROCEDURAL BACKGROUND

W.D. Newcomb became employed with Scott Truck & Tractor as a store manager, and the parties entered into a "compensation agreement" on July 30, 1998. That agreement provided as follows:

| 1998 | Salary: | $50,000.00 |
| | $2,500.00 | Bonus paid 10/15/98, 12/15/98 |
| | $25,000.00 | Bonus paid 2/15/99 or 25% of the store profit from 8/1/98 - 12/31/98 whichever is greater |
| 1999 | Salary: | $50,000.00 |
| | $2,500.00 | Bonus paid 4/15/99, 10/15/99, 12/15/99 |
| | $40,000.00 | Bonus paid 2/15/00 or 15% of profit whichever is greater |
| 2000 | Salary: | $50,000.00 |
| | $2,500.00 | Bonus paid 4/15/00, 10/15/00, 12/15/00 |
| | $40,000.00 | Bonus paid 2/15/01 or 15% of profit whichever is greater |
| 2001 | Salary: | $50,000.00 |
| | $2,500.00 | Bonus paid 4/15/01, 10/15/01, 12/15/01 |
| | $40,000.00 | Bonus paid 2/15/02 or 15% of profit whichever is greater |
| | | *Bonus paid if store does not have a loss at 12/31/00 |
| 2002 | Salary: | $50,000.00 |
| | $2,500.00 | Bonus paid 4/15/02, 10/15/02, 12/15/02 |
| | $40,000.00 | Bonus paid 2/15/03 or 15% of profit whichever is greater |
| | | *Bonus paid if store does not have a loss at 12/31/01 |

It is undisputed that Scott Truck & Tractor paid Newcomb as provided by the terms of the agreement for the years 1998, 1999, and 2000. However, when Newcomb sought payment for the 2001 bonus, payment was denied because the store did not

make a profit in 2001.[1]  Scott Truck & Tractor asserted that the compensation agreement erroneously provided that the 2001 annual bonus would be based on sales in the year 2000.  Scott Truck & Tractor pointed out that Newcomb had already been given a bonus for the year 2000.

Newcomb resigned his position with Scott Truck & Tractor on February 15, 2003.  On April 28, 2003, Newcomb filed suit for breach of contract against Scott Truck & Tractor, seeking to recover the $40,000.00 bonus for 2001 as well as penalties and attorney's fees pursuant to La.R.S. 23:631 and 23:632.  The matter proceeded to a bench trial on October 20, 2006.  The trial court found that the contract was ambiguous and, "guided by the princip[les] of equity," awarded Newcomb $20,000.00, or one-half of the contemplated bonus for the year 2001.  The trial court denied Newcomb's claims for penalties and attorney's fees.

Scott Truck & Tractor now appeals, asserting that the trial court committed manifest error when it reformed the employment contract to award a portion of the 2001 annual bonus.  Newcomb, in answering the appeal, asserts that the trial court erred in failing to award the full bonus plus statutory penalties, reasonable attorney's fees, and interest.  For the following reasons, we find that the trial court erred in awarding half of the contemplated bonus, reform the contract to provide that the 2001 bonus (to be paid February 15, 2002) was based on sales in 2001, and reverse the ruling of the trial court.

## DISCUSSION

In *Seals v. Calcasieu Parish Voluntary Council on Aging, Inc.*, 99-1269, p. 4 (La.App. 3 Cir. 3/1/00), 758 So.2d 286, 289, *writ denied*, 00-928 (La. 5/12/00), 761 So.2d 1292, this court noted:

_____

[1]Newcomb's store did make a profit in 2000.

2

The contract as a whole must be considered in interpreting each provision. La.Civ.Code art.2050. "When the words of the contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La.Civ.Code art.2046. To ascertain and, thereby, effectuate the common intent of the parties to a contract, the trial court should examine each provision of the contract in light of its other provisions so that each is given the meaning suggested by the contract as a whole. La.Civ.Code art.2050.

In this case the trial court found that:

> [t]he provision at issue can be interpreted in various different ways. Exhibit 1 [the compensation agreement] shows that the 1998, 1999 and 2000 year bonuses were paid in February of the immediate following year. For the years 2001 and 2002, the last two years on this contract entered in 1998, the bonuses were not guaranteed, but were to be paid only if the store did not have a loss either the previous year, or two years prior, depending on how the contract is interpreted. Lynn Smith, then-GM of Scott Tractor, testified that the contract has a typo and the bonus was to be paid if the store did not have loss in the year immediately preceding the February that the bonus was paid. . .

> The contract clearly states that a bonus is to be paid if the store does not have a loss, two years prior to the date the bonus is to [be] paid, not the immediate preceding year. However, upon review of the three preceding years (1998, 1999 and 2000), it is obvious that the bonus was paid in February of each year after a determination of profits regarding the immediate preceding year, not profits of two years prior. (Although the bonus was to be paid regardless of whether the store made a profit in the years 1998, 1999 and 2000, profit margin was still examined to determine the amount of the bonus to be paid.)

> Civil Code authority provides that the interpretation of a contract is the determination of the common intent of the parties. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. (Articles 2045 and 2046). Thus, although the words of this contract are clear and explicit, one could opine that they lead to absurd consequences. I.e. [sic], Plaintiff does not receive a bonus if the contract is read such that a typographical error exists. If such a typo exists, then the [P]laintiff does not receive a bonus because the store operated at a loss for 2001. If there is no typo, then as a result of at least "breaking even" in 2000, a bonus should have been paid in February 2002. Thus[,] if the absurdity exists by the payment of a bonus which should not be paid, then the court may interpret further the parties intent.

> In pondering the parties' intent, this Court questioned whether or not bonuses had already been paid for the years 1998, 1999 and 2000. Testimony and evidence showed that bonuses had been paid for each of

those years. Thus[,] it does not seem logical that Scott Tractor would intend to pay a bonus based on 2000 year income when Mr. Newcomb had already been given a bonus for the year of 2000 (paid February, 2001).

We agree with this portion of the trial court's ruling and agree that it would be absurd to interpret the contract as providing for a 2001 bonus based on sales in a year for which the employee has already received a bonus. However, the trial court went on to find:

> Thus, as a purely legal analysis, Scott Truck [&] Tractor drafted the contract and negligently left a provision which leads to a bonus to be paid in 2002, for the year 2001, but based on whether or not the store made a profit in 2000. It appears that Scott Truck & Tractor officials intended that the bonus be paid if the store "broke even" in the year 2001, not 2000. This negligent intrusion into the contract is not the fault of Mr. Newcomb.

> However, princip[les] of equity should not allow Mr. Newcomb enrich himself merely because of a typographical error made by Scott Truck & Tractor.

> Guided by princip[les] of equity, this Court will award Mr. Newcomb the sum of $20,000.00, or one-half of the contemplated bonus for the year 2001.

It is here that we find error in the trial court's reasoning. The testimony established that Newcomb understood that he would receive a minimum annual bonus (i.e., one not hinging on the profitability of the store) only in the first three years of the contract and that, thereafter, he had to make a profit. The testimony also established that such was the intent of Scott Truck & Tractor. Furthermore, the testimony established that the contract was consistently performed to pay bonuses based on performance in the same year that the sales took place, not on the performance of the previous year, or any subsequent year. This court recognizes that "[o]ne of the best ways to determine what the parties intended in a contract is the method in which the contract is performed, particularly if done consistently" over a period of years. *Gamble v. D.W. Jessen & Assoc.*, 509 So.2d 1041, 1043 (La.App. 3

4

Cir.), *writ denied*, 514 So.2d 454 (La.1987). Once the trial court found that the contract was ambiguous and determined the parties' intent, it should have reformed the contract consistent with those factual findings rather than reforming the contract to provide for payment of one-half of the bonus. We find that there is no factual support in the record to support such a reformation. Accordingly, we find that the intent of the parties was to provide for an annual bonus for 2001 (to be paid February 15, 2002) based on the profitability of the store in 2001. Thus, we reverse the judgment of the trial court insofar as it awarded one-half of the contemplated bonus for 2001 and render judgment in favor of Scott Truck & Tractor. Having so found, the issues of penalties and attorney's fees are moot.

### DECREE

For the foregoing reasons, we reverse the judgment of the trial court and render judgment in favor of Defendant, Scott Truck & Tractor, dismissing Newcomb's claims. Costs of the appeal are assessed to Plaintiff-Appellee, Newcomb.

**REVERSED AND RENDERED.**