CHIASSON, Judge.
Plaintiff-appellant, Albert B. Murphy, Jr., appeals the decision of the trial court dismissing his claim against defendant-ap-pellee, Sherman Homes, Inc., for defective roof work performed by defendant in connection with plaintiff’s newly constructed home in Slidell, Louisiana.
Murphy and Sherman Homes, through one of its authorized agents, entered into a contract whereby Sherman Homes would construct a house in the residential subdivision known as Cross Gates Subdivision near Slidell. The agreement was entered into on July 12, 1977 and work commenced about a week later.
Plaintiff made periodic inspections of the progress on the house including one such inspection in late August, 1977. The inspection had been preceded by two days of severe rainstorms. Upon inspecting the premises, Murphy noted that the plywood sheeting and the felt had been placed on the roof, but no roofing shingles were in place at this time. He pointed out to the construction foreman that some of the felt was torn and that the plywood was wet. In addition, he informed Mr. James Sherman, Sr., president of Sherman Homes, Inc., of this condition.
Assured that this problem would be corrected, plaintiff did nothing further until October 18, 1977, when he pointed out the wavy condition of the roof to Mr. Sherman. Murphy was again reassured that this condition would be corrected.
Pursuant to a mutual agreement, Murphy moved into the house although it was not fully completed. On December 4,1977, Mr. Sherman requested a closing date from Mr. Murphy, who again, pointed the problem out. Mr. Sherman gave assurances that it *1307 would be corrected and introduced Mr. Murphy to a Mr. Ryals, who would serve as Sherman Homes’ warranty representative. Based upon Sherman’s commitment to remove the waviness in the roof, Murphy agreed to a closing date.
The closing of the sale was accomplished on December 12, 1977, and within ten days the original roofing crew came to the house. They patched and reshingled certain areas of the roof but with little result. In addition, the new shingles were not of the same color as the older ones were.
After several months, a different crew attempted to correct the problem, but no improvement had taken place. Defendant sent out a number of inspectors to view the situation, but no further attempts were made to correct the problem.
Plaintiff filed suit seeking recovery of the cost of replacing the roof with an entirely new one. The new roof was recommended by one of the inspectors of the house. Mr. William H. Heffley, president of Slidell Roofing and Sheet Metal, was contacted by the plaintiff after he had viewed the house for the defendant. His recommendation was that the old roof with lh inch plywood should be removed and a completely new roof with % inch plywood be used instead. He was of the opinion that any other method of repair would merely conform to the old sheeting.
The trial court in its written reasons for judgment found that the roof was a common type with the xh inch plywood sheeting and rafters on 24 inch centers. It concluded that there was a “complete lack of testimony as to whether or not the plans and specifications were followed in the building of this roof on this particular house. In view of the lack of such evidence the court must conclude that the plans and specifications were followed and the court believes that the testimony of all the roofing experts was that it was a standard type of roofing that most people building these houses were using xh inch plywood sheeting covered with felt and that waves in the roof were common.”
Appellant’s contention on appeal is that the trial court failed to recognize what appellant’s suit was based on. He is contending that irrespective of what was included in the plans and specifications, Sherman Homes, through their agents, obligated themselves by expressly warranting to fix the waviness of the roof. We agree and therefore reverse the trial court’s decision.
Plaintiff’s uncontradicted and unim-peached testimony is that, on at least three occasions, he complained about the waviness of the roof to representatives of the defendant, who, on each occasion, agreed to remedy the defect. This testimony, collaborated by the actions of the defendants in attempting to correct the defect on two occasions after the sale, convinces us that an oral agreement, whether modifying the building contract or not, had been entered into between the parties binding the defendant to remove the waviness in the roof by whatever means necessary. Charles C. Cloy, Gen. Con., Inc. v. DiVincenti Bros., Inc., 308 So.2d 495 (La.App. 1st Cir. 1975).
The pretrial order clearly sets forth the plaintiff’s cause of action as being based upon this agreement. Defendant’s defense that the roof was structurally sound and contained no redhibitory vices or defects was not relevant to plaintiff’s stated cause of action.
The agreement to correct the condition of the roof constituted a binding agreement on the defendant even though not in writing. Since the building contract, though not introduced into the record, “need not be in writing, parol evidence is admissible to prove a subsequent verbal agreement, or to modify or even abrogate a written construction contract; W. R. Aldrich Company v. Spallita, 285 So.2d 835, 836 (La.App. 1 Cir. 1973).” Anzalone v. Gregory, 334 So.2d 504 (La.App. 1st Cir. 1976).
Defendant breached its agreement by failing to remedy the condition of the roof and is liable to plaintiff for damages. Mr. Heffley estimated that it would cost $7,447.00 to remove and replace the roof with new materials. This figure includes a *1308 new roof using % inch plywood. We are convinced that the only way to remedy the defect is by removing and replacing the entire roof sheetings, felt and shingles.
For these reasons, the judgment of the trial court dismissing plaintiff’s suit is reversed and judgment is rendered in favor of plaintiff, Albert Murphy, Jr., and against defendant, Sherman Homes, Inc., in the sum of $7,447.00 with legal interest thereon from date of judicial demand until paid. Defendant-appellee is casts for all costs.
REVERSED AND RENDERED.