460 So.2d 662 (1984)
GREAT SOUTHERN HOMES, INC.
v.
Roy H. HOLTEN, et ux.
No. 83 CA 1209.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
Writ Denied January 25, 1985.
Dennis A. Pennington, Baton Rouge, for plaintiff-appellee Great Southern Homes, Inc.
Robert C. Funderdurk, Jr. and David K. Johnson, Baton Rouge, for defendants-appellants Roy H. Holten and Cathy A. Holten.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON[*], JJ.
JOHN S. COVINGTON, Judge Pro Tem.
This is a suit on a building contract for costs of "extras". The trial court found for plaintiff and defendant appealed.
The issues are whether parol evidence can be used to vary the terms of an authentic act and the sufficiency of the proof of the "extras".
We affirm.
*663 Roy and Cathy Holten, appellants herein, executed a purchase agreement, wherein Great Southern Homes, Inc. agreed to construct a home according to plans and specifications for $75,000.00. During the construction of the house, appellants initiated various changes which necessitated extra materials and labor. According to plaintiff, the cost of these "extras" amounted to $10,872.60. The parties passed the act of sale, conveying the property to the Holtens in exchange for the stated price of $75,000.00. Great Southern Homes, Inc. filed this suit to recover the cost of the "extras".
After a trial on the merits, the trial judge rendered judgment in favor of plaintiff in the amount of $4,653.22 with legal interest from the date of judicial demand. The trial judge listed the specific items included in his oral reasons for judgment.
Appellants' first assignment of error is that the trial court erred by not applying La.C.C. arts. 2236 and 2276 to prohibit the use of parol evidence to vary the terms of the act of sale.
This assignment of error is without merit. Plaintiff did not seek to vary the terms of the act of sale but rather sought to establish an additional contractual basis for recovery. Since a building contract "need not be in writing, parol evidence is admissible to prove a subsequent verbal agreement, or to modify or even abrogate a written construction contract." Murphy v. Sherman Homes, Inc., 394 So.2d 1306 (La. App. 1st Cir.1981), Anzalone v. Gregory, 334 So.2d 504 (La.App. 1st Cir.1976). Furthermore, the trial court in its oral reasons for judgment, specifically stated that his judgment for the "extras" was not based on any oral agreements between the parties, but rather that the basis for his judgment was the doctrine of unjust enrichment.
Appellants' next assignment of error is that the trial court erred by accepting plaintiff's unsupported assertions that collateral agreements existed regarding payments beyond that stipulated in the authentic act of cash sale.
The contractor has the burden of proof to show that the owner authorized the extra work and materials, that they were furnished and their value. Master Maintenance Engineering, Inc. v. McManus, 292 So.2d 284 (La.App. 1st Cir.1974).
The record supports the conclusion that plaintiff met this burden of proof. There is no question that the "extras" that were included in the trial court's judgment represented additions to the original contract. Furthermore, these items were requested by appellants. Plaintiff presented invoices for all of the "extras" that were allowed by the trial court, except for two items. As for these items, the record clearly establishes that these two "extras" were furnished by appellee at appellants' request. We find no manifest error in the trial court's findings. Accordingly, we affirm the trial court's award for the "extras" in the full sum of $4,653.22. All costs are assessed against the appellants.
AFFIRMED.
NOTES
[*] Judge John S. Covington of the 19th Judicial District Court has been duly elected to this court; that term begins on January 1, 1985. In the interim, the Supreme Court has appointed him to this court pro tempore.