501 So.2d 327 (1987)
Donald E. BAXTER and Avie A. Bourg
v.
Verdie J. ZERINGUE, Jr., and Linda Scott Zeringue.
No. 86-CA-460.
Court of Appeal of Louisiana, Fifth Circuit.
January 12, 1987.
Rehearing Denied February 18, 1987.
Writ Denied April 20, 1987.
*328 Earl Reynolds, Baton Rouge, for plaintiffs-appellants.
Guste, Barnett & Shushan, Robert A. Barnett, New Orleans, for defendants-appellees.
Before CHEHARDY, KLIEBERT and BOWES, JJ.
CHEHARDY, Chief Judge.
This is a lawsuit by two building contractors to recover moneys allegedly due under two building contracts. Their suit was dismissed for insufficient evidence and the plaintiffs appeal.
The plaintiffs, Donald E. Baxter and Avie A. Bourg, are partners doing business as Investment Properties. The defendants are Dr. V.J. Zeringue and his wife, Linda Scott Zeringue. On April 13, 1983 the Zeringues entered into two agreements to purchase lots in East Baton Rouge Parish from Investment Propertiesone lot located in Sherwood Meadow subdivision, the other in Woodshire Village subdivision.
Typed into each preprinted standard-form purchase agreement was a clause stating Investment Properties would construct a building on the site. The clause in the Sherwood Meadows agreements stated:
"Seller shall construct a four-plex building on this site; construction shall be brick veneer and shall contain approximately 5,200 square feet of building area.
"Purchaser shall pay for interim financing and origination fees. Purchaser will obtain permanent financing for final closing within fourteen (14) days after completion of construction.
"Seller shall supply 20% of the required collateral. The Seller's collateral shall be released at final loan closing."
The clause in the Woodshire Village contract was the same, except for the square footage and variations in the wording of the collateral requirement. The price stated for the Sherwood Meadow lot plus construction of a 5,200 square-foot building was $178,500; the price for the Woodshire Village lot plus construction of a 4,400 square-foot building was $161,640.
On May 4, 1983 Mrs. Zeringue signed the acts of sale by which the lots were transferred to her and her husband. The sale price for the Sherwood Meadows lot was $30,000, for the Woodshire Village Lot, $27,000. Construction of the buildings began and was completed some months later. During the course of the construction, payments were made by drawing funds from a bank that had supplied interim financing to the Zeringues. According to the petition, plaintiffs submitted final payment requests in January 1984 but their demands were not met.
In this suit the plaintiffs allege that prior to beginning construction of the Sherwood Meadows building, they advised Dr. Zeringue that they had erred in estimating the price of construction for the 5,200 square-foot building and that the price should have been shown as $190,500$12,000 more than shown on the purchase *329 agreement. The plaintiffs alleged Dr. Zeringue agreed to this oral modification of the contract and therefore they proceeded with construction. Their petition alleges that the sums of $28,765 for Sherwood Meadow and $14,137 for Woodshire Village remain to be paid.
The evidence presented at trial was sketchy, complicated by the trial judge's refusal to admit into evidence the copies of the purchase agreements and acts of sale on the lots because plaintiffs offered uncertified photocopies. Plaintiff Baxter testified Dr. Zeringue had agreed to the increased price for the Sherwood Meadow building; Mr. Baxter also testified he had incurred additional costs by obtaining insurance on and appraisals of the buildings at Dr. Zeringue's request. He entered into evidence copies of two statements sent to the Zeringues in January 1984, on which were listed the amounts paid by draws during construction and the amounts remaining due.
Dr. Zeringue and Mrs. Zeringue both denied they had agreed to the increased price. Dr. Zeringue stated the increase was not mentioned until the project had been completed and denied that he had requested appraisals of the property. Mrs. Zeringue admitted requesting the plaintiffs to obtain insurance on the properties, but said she never received a policy or other confirmation that insurance had been purchased. She testified that payments had been made during construction by draws on the interim financing account, but admitted that the amounts demanded in the suit had not been paid.
A party who demands the performance of an obligation must prove the existence of the obligation; a party who asserts that an obligation has been modified must prove the facts or acts giving rise to the modification. LSA-C.C. art. 1831. The burden of proof in a contract case is on the party claiming rights under the contract. Phillips v. Insilco Sports Network, Inc., 429 So.2d 447 (La.App. 4 Cir.1983).
Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature, but in the interest of justice that evidence may be admitted to prove that the written act was modified by a subsequent and valid oral agreement. LSA-C.C. art. 1848. Since a building contract need not be in writing, parol evidence is admissible to prove a subsequent verbal agreement to modify or even to abrogate a written construction contract. Great Southern Homes, Inc. v. Holten, 460 So.2d 662 (La.App. 1 Cir.1984), writ denied 462 So.2d 1250.
Denial of the existence of the contract upon which the plaintiff must rely for recovery of judgment is not an affirmative defense requiring special pleading. Floor-N-Wall Distributors, Inc. v. Chartres Company, 144 So.2d 129 (La.App. 4 Cir. 1962). However, payment is an affirmative defense that must be pleaded and proved by the party claiming its benefit. LSA-C. C.P. art. 1005; Pierce v. Thompson, 468 So.2d 1379 (La.App. 1 Cir.1985).
Conflicting testimony should be resolved on appellate review in favor of the party who prevailed on the issue in the trial court. Kuswa & Associates v. Thibaut Const. Co., 463 So.2d 1264 (La.1985).
We conclude the trial judge erred in finding that plaintiffs failed to present sufficient proof, at least as to part of their demand. Once the plaintiffs asserted there were moneys still due under the original agreements and proved the existence of the original agreementswhether written or oralthe burden shifted to the defendants to establish payment. The plaintiffs admitted that $162,485 had been paid on the Sherwood Meadows contract and $147,749.50 on the Woodshire Village contract.
The judge also erred in refusing to admit the copies of the purchase agreements, which were admissible as acts under private signature acknowledged by the parties (LSA-C.C. art. (1836). Their admissibility is irrelevant to establish the construction agreements, however, because the Zeringues *330 admitted to the original contract prices, they admitted the work was completed and they are in possession of the properties.
Accordingly, the plaintiffs are entitled to recover the unpaid amounts under the original agreements. In the absence of any proof from the defendants as to the amounts paid, we accept the figures shown on the plaintiffs' exhibits P-7 and P-8 and calculate the amounts due to be $16,015 for the Sherwood Meadows property and $13,890.50 for the Woodshire Village property.
We affirm the refusal to recognize the increase in the price of the Sherwood Meadows contract, however. This issue turned entirely on the credibility of the parties; there was no objective corroborating support of Baxter's testimony. Since the testimony of the parties conflicted on this point, we find in favor of the defendants because they prevailed on this issue in the trial court.
Similarly, we deny payment for the appraisals, due to the conflicting testimony on whether the Zeringues ordered these. Because Mrs. Zeringue admitted she requested plaintiffs to buy the insurance, however, they are entitled to recover that expense, which their exhibits show as $400 for the Sherwood Meadows property and $246.50 for the Woodshire Village property.
Plaintiffs also seek attorney's fees, citing a provision for those in the purchase agreements: "The defaulting party under this contract shall also be liable for ... all attorney's fees and other costs incurred in the enforcement of all rights under this contract." Plaintiffs did not put on any specific evidence as to their attorney's time; accordingly, we will assess a reasonable fee based on the record before us. We find $1,500 is a reasonable fee, considering both the trial and the appeal.
Finally, plaintiffs seek legal interest from 14 days after construction was completed on each property, citing the provision in the agreements that "Purchaser will obtain permanent financing for final closing within 14 days after completion of construction." However, we find this provision ambiguous; it does not require the purchaser to pay the sellers within 14 days, only to obtain "permanent financing." Further, plaintiffs did not prove they notified the defendants of the completion of construction. We find they are entitled to interest only from date of judicial demand.
For the foregoing reasons, the judgment of the district court is affirmed insofar as it dismissed plaintiffs' demand for moneys beyond the $178,500 price for the lot and building located on Lot 2, Sherwood Meadows subdivision. The judgment is reversed insofar as it failed to grant plaintiffs' prayer for the remaining moneys due under each contract, and for insurance premiums and attorney's fees.
Judgment is hereby rendered in favor of plaintiffs, Donald E. Baxter and Avie A. Bourg, and against defendants, Verdie J. Zeringue Jr. and Linda Scott Zeringue, in solido, in the amount of $30,552.00, plus attorney's fees in the amount of $1,500, legal interest from date of judicial demand and for all costs.
AFFIRMED IN PART; REVERSED IN PART; AMENDED IN PART; AND RENDERED.