614 So.2d 728 (1993)
Jules A. WISE, Sr.
v.
John E. LAPWORTH, Robin Cheatham and Lapworth Construction Company.
No. 92-CA-281.
Court of Appeal of Louisiana, Fifth Circuit.
February 10, 1993.
*729 John L. Diasselliss, III, LaPlace, for plaintiff/appellant Jules A. Wise, Sr.
George B. Recile, New Orleans, for defendants/appellees John E. Lapworth and Lapworth Const. Co.
Richard B. Eason, II, Adams and Reese, New Orleans, for defendant/appellee Robin Cheatham.
Before KLIEBERT, WICKER and CANNELLA, JJ.
CANNELLA, Judge.
Plaintiff, Jules Wise (Wise), appeals from a judgment dismissing his suit against defendants, John E. Lapworth (Lapworth), John Lapworth Construction Company and Robin Cheatham (Cheatham), for breach of contract and negligence for failing to provide worker's compensation insurance. We affirm.
On July 29, 1988 Wise submitted a proposal to Lapworth (the job supervisor) to perform framing carpentry work for the construction of a house owned by Cheatham. The proposal described the work to be performed, the bid price, the manner of payment and that worker's compensation insurance was to be taken out by Lapworth. Shortly thereafter, Wise was told by Lapworth to begin working on the project. Wise hired workers and eventually began putting the roof on the home. On September 22, 1988, while working on the roof, he slipped and fell approximately twenty-two feet to the ground. As a result, he broke his wrist and fractured and dislocated his elbow.
Wise was hospitalized for four days at East Jefferson General Hospital where Dr. John Montz, an orthopedic surgeon, repositioned his elbow and operated on his elbow to remove the fragmented joint. He wore an elbow brace and the elbow was dislocated again. It was again repaired. He was then placed in a long-arm cast. His broken wrist was discovered later and treated. Wise was treated by Dr. Montz until October 25, 1988, when he went to another orthopedic surgeon, Dr. David Aiken, Jr. He complained of pain in the right arm, wrist and shoulder and Dr. Aiken put him in a short-arm cast so that he could begin to get motion back in his elbow. In November, 1988 he removed the cast and sent Wise to a physical therapist. Dr. Aiken saw him again in January, 1989 and he showed gradual improvement. Wise did *730 not return as scheduled. Nine days before trial, he again saw Dr. Aiken and complained about pain in his elbow, wrist and shoulder. Dr. Aiken attributed the pain in the wrist and elbow to the early onset of arthritis and the pain in the right shoulder to compensation for discomfort in the arm and wrist. During the more than two years between the visits to Dr. Aiken, Wise reached maximum medical recovery.
Two days following the accident, while Wise was in the hospital, Cheatham visited him. He produced a document, offering to pay all of his medical expenses incurred in connection with the fall, in exchange for a release of liability from all claims. Wise signed the release on September 24, 1988 and, eventually, all medical bills were paid.
Wise next sought worker's compensation benefits from defendants and was refused. Then, on September 22, 1989, he filed a claim for benefits with the Worker's Compensation Administration Office, pursuant to La.R.S. 23:1209, against John Lapworth. He also filed this suit that same day against defendants. The suit asserted breach of contract and negligence for failing to provide worker's compensation insurance as required by the contract and in not informing him that insurance was not provided, thereby preventing him from obtaining his own insurance. Wise asked for damages, the amount of worker's compensation benefits he would have received if the defendants had not acted as they did.
Wise received the recommendation of the Office of Worker's Compensation on October 31, 1989, denying him benefits because he was neither a direct nor statutory employee of Lapworth. He never formally rejected the decision within 30 days nor filed an appeal pursuant to La.R.S. 23:1311. Wise asked his attorney to file an appeal, but, his attorney withdrew prior to expiration of the appeal delays and Wise did not further pursue the appealing.
On November 21, 1989, an Exception Of No Cause And No Right Of Action was filed by Cheatham. It was set on specific dates and eventually, on March 26, 1990, was continued without date. On October 9, 1991, an Exception Of Prescription (to any worker's compensation claim) and a Motion For Article 863 Sanctions were filed by Lapworth. On October 9, 1991, before trial, the court held that the Exception Of Prescription was moot. Trial was held on October 9 and 10, 1991 and October 29, 1991 the trial judge rendered judgment in favor of defendants and against Wise, dismissing his suit and the Motion For Article 863 Sanctions was denied. On November 6, 1991 Wise filed a motion for written reasons and then appealed.
Wise asserts eight assignments of error which this court condenses into four. He contends, first, that the trial judge erred in not finding defendants liable for breach of contract or negligence in failing to provide him with worker's compensation insurance and not informing him that insurance was not obtained. Second, he contends that the trial judge erred in dismissing his worker's compensation claim against defendants and finding that it had prescribed. Third, he contends that the trial judge erred in refusing to admit into evidence the testimony of Dr. David W. Aiken, Jr. Fourth, he contends that the trial judge erred in his determination that Wise's damages were not proved.

Breach of Contract
Wise contends that Lapworth and Cheatham breached the contract to supply worker's compensation insurance to himself and his workers. He refers to the proposal he submitted before beginning work.
La.C.C. art. 1906 defines a contract as "an agreement by two or more parties whereby obligations are created, modified, or extinguished." It is formed by consent through offer and acceptance, which may be made orally, in writing, or by any action or inaction that under the circumstances clearly indicates consent. La.C.C. art. 1927. Certain formalities are not necessary unless prescribed by law. Id. In addition, unless the offer states otherwise, there need not be conformity between the manner in which the offer is made and the manner in which it is accepted. Id.
*731 A contract is the law between the parties and must be made in good faith. La.C.C. art. 1983. It may only be dissolved through consent or by law. Id. A contract may be modified only by mutual consent. River Oaks, Inc. v. Blue Cross of Louisiana, 595 So.2d 785 (La.App. 5th Cir.1992). While modification can be presumed by silence, inaction, implication or one person may not change the terms unilaterally. River Oaks, Inc. v. Blue Cross of Louisiana, supra.
In this case, Wise gave Lapworth a proposal, bidding on the job for the Cheatham house, which stated, inter alia, "worker's compensation and public liability insurance on above work to be taken out by John Lapworth." He testified that it was customary in his business to submit a written proposal, have it orally accepted and begin work without receiving back either the proposal or a copy. Wise stated that happened in this case. After the proposal was submitted, the name "John Lapworth" was scratched out and the name "Robin Cheatham" was printed-in. The proposal contained other additions, in the same printing which differed from the other handwriting. A signature of "Robin B. Cheathamowner" appears under the acceptance portion of the document. Wise said that he was unaware of any proposal change until after he filed suit. He neither consented to nor was he informed of any change. His testimony in this regard was uncontroverted and supported by his mother, who wrote the proposal for her son, according to his instructions.
The burden of proof in a contract action is on the party claiming the rights under the agreement. Baxter v. Zeringue, 501 So.2d 327 (La.App. 5th Cir.1987); River Oaks v. Blue Cross of Louisiana, supra. In this case, Wise produced a document, offering terms to perform framing work, which was accepted by Lapworth when he told Wise to begin the work. We find a valid contract existed between Wise and Lapworth and that one of its terms was to provide worker's compensation insurance. The name of John Lapworth was modified on the proposal after Wise gave it to Lapworth as an offer. Wise was unaware of any changes made to the document until after his suit was filed. Because all subsequent modifications to the proposal were done without the knowledge or consent of Wise, they do not form part of their contract. And, since Lapworth did not provide the worker's compensation insurance, we find that he breached the contract.
The name of Robin Cheatham appears on the proposal twice. It is printed to replace the scratched-out name of John Lapworth. It also appears as a signature of acceptance. However, we find that there was no proof that he was a party to the contract. Thus, we find that there was no breach of contract by Robin Cheatham.

Negligence
Wise asserts that defendants were negligent because they failed to provide worker's compensation insurance or to inform him that it was not provided, so that he could secure it himself. Wise states that he detrimentally relied on the terms of the proposal.
In order to find negligence under La.C.C. art. 2315 and 2316, a court must employ the duty-risk analysis. Reese v. Griffith, 568 So.2d 1146 (La.App. 5th Cir. 1990). The duty-risk analysis involves an examination of four factors: 1) whether the defendant's conduct was a cause in fact of the harm, 2) whether the defendant owed a legal duty to plaintiff which encompassed the particular risk of harm to which the plaintiff was exposed, 3) whether the defendant breached its duty to the plaintiff, and 4) whether and to what extent, if any, the plaintiff was damaged by the defendant's breach of that duty. Forest v. State, Thru Louisiana D. of Transp., 493 So.2d 563 (La.1986); Reese v. Griffith, supra.
La.C.C. art. 2315 also encompasses a cause of action for negligent misrepresentation. Under that doctrine, plaintiff must show that there was a legal duty on the part of defendant to supply correct information, that there was a breach of that duty and that the breach caused damage *732 to plaintiff. Watermeier v. Mansueto, 562 So.2d 920 (La.App. 5th Cir.1990).
Here Lapworth allowed Wise to believe that the worker's compensation insurance would be provided to him and his employees. Defendants produced no evidence to the contrary or which would explain or justify the misrepresentation. Therefore, based on the record, we find that Lapworth had a duty under the contract to present the correct information to Wise, who relied on the false information. Lapworth breached that duty by not informing Wise of the true facts. The element of damages will be addressed later in this opinion.
In regard to Cheatham, we do not reach the same result. Under the facts herein, no proof was presented that Cheatham had a duty to provide the benefits. In addition, Wise failed to show that he knew or should have known that the insurance coverage was not provided according to the contract. Thus, we find that the trial judge did not err in holding that Cheatham was not liable to Wise in negligence.

Exception of Prescription
Wise argues that the trial judge erred in granting the exception of prescription filed by Lapworth. Lapworth asserts that the exception was properly granted since Wise failed to pursue his administrative remedies timely. We find no merit in these arguments. As a result of a bench conference and prior to beginning trial, all counsel stipulated that Wise's claim was not in worker's compensation, thereby rendering the Exception Of Prescription moot, and the trial judge so ruled in open court. After trial, in oral reasons for judgment, the trial judge stated, in two places, that any claim by Wise for worker's compensation had long since prescribed. He did not mention prescription in his judgment. We hold that the action of the trial judge, in finding the Exception Of Prescription moot, is not manifestly erroneous. Therefore, we affirm.

Damages
The amount of damages claimed by Wise is the amount of worker's compensation benefits which he did not receive. Therefore, Wise must prove what worker's compensation benefits he was entitled to, in order to prove the element of damages herein. Wise asserts that the trial judge erred in rejecting his demand for damages and in disallowing the testimony of Dr. Aiken as to a disability rating, a critical element in the determination of the benefits he sought as damages.
In the area of conventional obligations or contracts, damages are measured by the loss sustained by the obligee and the profit of which he has been deprived. La.C.C. art. 1995. A good faith obligor is only liable for foreseeable damages, whereas a bad faith obligor is liable for any and all damages that are a direct consequence of the failure to perform. La.C.C. arts. 1996 and 1997.
In this case the evidence shows that Dr. Aiken treated Wise until January 9, 1989, after which he did not return. Some two years and nine months lapsed. Dr. Aiken saw Wise again, nine days before trial, on October 1, 1991. Wise was apparently given a disability rating by another medical expert who was not at the trial. As a result, Wise attempted to present the disability evidence through the testimony of Dr. Aiken, based on his last examination of him October 1, 1991. Defendants objected, claiming prejudice, because of discovery agreements among counsel. The trial judge in a well-reasoned ruling, agreed with defendants and excluded that portion of Dr. Aiken's testimony, but allowed it to be proffered.
The trial judge has discretion to conduct the proceedings in an orderly and expeditious manner and to control the proceedings so that justice is done. La.C.C.P. art. 1631. In addition, relevant evidence may be excluded on the basis of unfair prejudice. La.C.E. art. 403. Under the circumstances herein, we do not find that the trial judge abused his discretion.
Wise next asserts that the trial judge erred in alternatively finding that he failed to prove his damages. He claims that the testimony reveals that he was a *733 framing carpenter, in steady demand for eight weeks prior to the accident, as well as for the fourteen years before the accident. He argues that the evidence shows his income was reduced from at least $22.50 per hour as a framing carpenter to $50.00 per week as a bartender.
In order to recover benefits under the worker's compensation statutes, a worker must show that he falls within one of the scheduled provisions in La.R.S. 23:1221. The statute provides for temporary total disability, permanent total disability, supplemental earnings benefits, and permanent partial disability. Wise has not proved any total disability. Therefore, the categories of temporary total disability and permanent total disability are inapplicable.
Under the permanent partial disability provision, Wise must prove a loss of use of physical function greater than 25% as established in the American Medical Association "Guides to the Evaluation of Permanent Impairment", copyright 1984. See: La.R.S. 23:1221(4)(q), amendment eff. January 1, 1986. Wise was unable to show any disability rating at trial, due to the exclusion of Dr. Aiken's testimony and his failure to produce any other evidence in this regard. Therefore, he has not borne his burden of proof for benefits under this provision.
Under the Supplemental Earnings provision, R.S. 23:1221(3), Wise must show his inability to "earn wages equal to ninety per cent or more of wages at the time of injury,..." However, he may not remain underemployed according to his ability. La.R.S. 23:1221(3)(a) and (c)(i). Here Wise testified that he performed framing work on five homes following the accident, but because his injury slowed him, he began to lose money. At the time of trial, he had not worked at this occupation in over a year. He stated that he eventually began working at a local bar and restaurant earning $17.00 per hour. Ninety percent of the wages allegedly earned by Wise prior to the accident is $20.25 per hour. However, the testimony in regard to the decline in the earnings, and his ability to earn the amount that he allegedly previously earned, was vague, undocumented and unsubstantiated. The trial judge, in his oral reasons, stated, "... the damages as to whether or not comp should have been furnished has not been proven ...". In reviewing factual findings of the trial court, the appellate court is limited to a determination of manifest error, or that the trial court was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). After reviewing this record we find the trial judge was not clearly wrong in finding that Wise failed to prove the appropriate damages for supplemental earnings benefits or for his claims of breach of contract or negligent misrepresentation. Accordingly, the judgment of the trial court is hereby affirmed. Costs of this appeal are to be equally divided by the parties.
AFFIRMED.