847 So.2d 796 (2003)
REGENCY CONSTRUCTION, INC.
v.
LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT.
No. CW 03-313.
Court of Appeal of Louisiana, Third Circuit.
June 4, 2003.
*797 Edward C. Abell Jr., Brent Gerard Sonnier, Onebane, Bernard, Torian, Lafayette, LA, Douglas Alfred Kewley, Gardner & Kewley, Metairie, LA, for Plaintiff/Applicant, Regency Construction, Inc.
Patrick Manning Wartelle, Roy, Bivins, Judice, & Henke, Lafayette, LA, for Defendant/Respondent, Lafayette City-Parish Consolidated Government.
David Carlyle Voss, Breazeale, Sachse & Wilson, L.L.P., Baton Rouge, LA, for Intervenor/Respondent, Omni Construction, LLC.
George Andrew Veazey, Jeansonne & Remondet, Lafayette, LA, for Intervenor/Respondent, Young's General Contracting, Inc.
Court composed of ULYSSES GENE THIBODEAUX, JOHN D. SAUNDERS, and BILLY HOWARD EZELL, Judges.
EZELL, Judge.
Regency Construction, Inc. sought a supervisory writ in this court from a judgment which dismissed its claims against the Lafayette City-Parish Consolidated Government (LCG) contesting the refusal of the LCG to award it a contract for tree and debris removal associated with lingering damage caused by Hurricane Lili in early October 2002. We granted the writ for the purpose of calling the case up for full briefing, argument, and an opinion.

FACTS
Hurricane Lili struck southern Louisiana on October 3, 2002, causing major damage to southwest Louisiana. President Bush declared much of the state a federal disaster area. Effective October 11, 2002, at the request of the Louisiana State Licensing Board for Contractors and pursuant to Executive Order MJF 02-49, Governor Foster temporarily suspended the statutory requirements for contractor licensing to allow the State's political subdivisions to contract with unlicensed contractors for services to assist in debris cleanup related to Hurricane Lili. The order expired by its own terms on November 1, 2002. By Emergency Ordinance Number O-300-2002, the LCG also declared a local emergency authorizing all necessary contractual services with reference to tree and storm debris removal from private property in accordance with the Federal Emergency Management Agency Guidelines. The ordinance was signed by the council president on November 15, 2002.
In preparation for letting the contract at issue out, LCG officials contacted the Louisiana State Licensing Board for Contractors. The Board initially told the LCG that unlicensed bidders could bid on the project as long as they promptly applied for a Louisiana license within a certain time frame because federal money was partially funding the project. The LCG sent out "Notice to Bidders" of the debris removal project. Subsequently, the Board told the LCG that the contractor had to have a Louisiana license, but an unlicensed contractor could apply for and pass the licensing exam in early 2003 and qualify. As a result of this new information, the LCG issued an addendum to the bid package regarding this licensing information.
Regency was one of the five companies which submitted bids. Three of the five bidders, including Regency, had a contractor's license. However, the bid of one of those three companies possessing a contractor's license, Omni Construction, L.L.C., was deemed fatally non-responsive because the company omitted from its bid the required addendum certifying its license status.
The lowest bidder was J.I.L. Tree Service. On December 23, 2002, the LCG *798 sent notice to J.I.L. that it was the lowest bidder. However, that company did not possess a Louisiana contractor's license. In January 2003, the Louisiana State Licensing Board for Contractors reversed its position on the licensing issue and notified the LCG that it would take legal action if the municipality allowed an unlicensed contractor to perform the job. J.I.L. then voluntarily withdrew its bid.
On January 27, 2003, the LCG rejected all bids stating "errors and confusion surrounding the issues and the laws of the State Licensing Board for Contractors" as just cause for the rejection. On February 7, 2003, Regency instituted suit seeking an award of the contract as the lowest licensed bidder. Omni and another bidder, Young General, intervened in the suit.
A hearing was held on February 20, 2003. The trial court dismissed the claims and awarded LCG attorney's fees of $8,050 against Regency. Regency seeks supervisory writs in this court.

LOUISIANA PUBLIC BID LAW
Regency asserts several assignments of error concerning the trial court's ruling and the application of the Louisiana Public Bid Law. However, the main issue concerns whether the LCG had the ability to reject all bids once it accepted the bid by J.I.L., or was it required to consider the merits of the bid of the lowest responsible bidder, which Regency claims to be.
Louisiana's Public Bid Law, La.R.S. 38:2211-2261, applies to contracts for public works and to purchases of materials and supplies when certain monetary "thresholds" are met. The LCG argues that the Public Bid Law does not apply to the facts of this case. It is obvious that this contract to remove hurricane debris is not a purchase so the issue is whether it is a contract for a public work.
In 1991, the Louisiana Legislature amended La.R.S. 38:2211 to add the definition of a "public work" among other changes. "Public work" is now defined as "the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity." Prior to this amendment, the Louisiana Supreme Court in Wallace Stevens, Inc. v. Lafourche Parish Hosp. Dist. No. 3, 323 So.2d 794, 796 (La.1975), defined a "public work" as a "building, physical improvement, or other fixed construction."
The notice to bidders provided that the contract was for tree removal from private property due to Hurricane Lili in addition to removal of broken branches, trees, and stumps endangering LCG properties, rights of way, and easements. Clearly, this contract is not a public work contract subject to the provisions of the Public Bid Law. Not only is this not a contract to do some type of construction on public property but it also involves performing work on private property. Therefore, the trial court was correct in dismissing the claims of Regency.
Since we are upholding the trial court's decision that the LCG did not violate the Public Bid Law, we also find that the trial court was correct in finding that the LCG was entitled to attorney's fees as the prevailing defendant pursuant to La.R.S. 38:2220.4(B)(1). Furthermore, we find that the LCG is entitled to attorney's fees for the work in preparation of defending Regency's writ application in the amount of $1,500.
For the foregoing reasons, Regency Construction, Inc.'s application for supervisory writ is denied. Attorney's fees are awarded to the LCG in the amount of $1,500 and assessed to Regency Construction. *799 Costs are also assessed against Regency Construction, Inc.
WRIT DENIED.