Dear President Rodriguez:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of St. Bernard Parish ("St. Bernard"), you have asked for our opinion concerning the date on which the term began for the second of two contracts for hurricane debris management and removal. St. Bernard and Unified Recovery Group, LLC. ("URG") were the parties that entered into these two contracts.
According to your opinion request, following Hurricanes Katrina and Rita, your office entered into successive contracts for the management and removal of debris generated by the storms. The first contract was executed on September 3, 2005 and was entered into on an emergency basis between St. Bernard and Unified Recover Group, L.L.C. ("URG"). Work was performed under this contract for the next several months.
At the urging of the Federal Emergency Management Agency ("FEMA") and the Louisiana Office of Homeland Security and Emergency Preparedness (now "GOHSEP"), St. Bernard chose to terminate its first contract and issue a Request for Proposal ("RFP") to contract with a replacement contractor for the remaining debris management and removal. Pursuant to this RFP, St. Bernard awarded a second "replacement" contract to URG.
The second contract was executed on December 9, 2005 and contained a different pricing structure than the first contract. The second contract also contained the following language:
 The period of this Agreement shall be for 1095 (3 years) calendar days, beginning on the date of Notice to Proceed and ending 1095 (3 years) calendar days thereafter. This Agreement may, by mutual assent of the parties, be extended by Change Order or Contract Amendment. *Page 2 
 The Parish President through the ENGINEER shall notify the CONTRACTOR in writing to undertake the services stated in ten (10) days after receipt of such notification.
Your request goes on to indicate that URG never stopped supplying debris management and removal services after the first contract was executed. Instead, St. Bernard and URG orally agreed that work performed after January 7, 2006 would be performed under the second "replacement" contract. On March 7, 2006, St. Bernard and URG memorialized this oral agreement by executing a written document declaring that "the Notice to Proceed date . . . is effective January 7, 2006." A second written document was executed the same day and also agreed that "[w]ork performed or paid for based on haul tickets dated January 7, 2006 or later will be performed and paid for under your contract dated December 9, 2005."
You have indicated that the central issue concerns whether the work performed by URG from January 7, 2006 through March 7, 2006 falls under either the first or the second "replacement" contract. Since the two contracts at issue have different pricing structures, the date on which the term began for the second of the two contracts is of importance. Thus, if the oral agreement was effective under Louisiana law, the term of the second contract would have begun on January 7, 2006. If not, the term would have begun on March 7, 2006, i.e. the date the written document memorializing the oral agreement was executed.
Louisiana law and jurisprudence has long been clear that oral modifications are acceptable in contracts as long as the contract is not legally required to be in writing.[1] Louisiana jurisprudence has also agreed that oral modifications are also acceptable even when the underlying contract states that all modifications must be in writing.[2]
Based on the information provided to our office, the terms and conditions of second "replacement" contract required the Notice to Proceed to be in writing.
The Louisiana Court of Appeal for the Second Circuit in Rogers v.Horseshoe Entertainment, 766 So.2d 595 (La. 2nd Cir. 2000), addressed a somewhat similar situation. There, the Rogers' Court examined an option contract which required that notice be in writing. However, written notice was not given and the Plaintiff was orally notified and thereafter accepted. Ultimately, the court held that the oral acceptance modified the notice requirement and the parties accepted the modification by following through with the terms on the contract. The court stated as follows:
 "[i]n view of the oral notice, and the subsequent execution of a sale that otherwise complied with the material terms of the option, this is a clear case of acceptance by performance. La.C.C. art. 1939." *Page 3 
Thus, it appears that the oral agreement executed on January 7, 2006 operates as an oral modification that is proper under Louisiana law, provided the contract itself did not have to be reduced to writing. Our review of applicable statutory rules and precedence, failed to reveal any requirement that either the first or second "replacement" contract be in writing. Although Louisiana public bid law requires that all contracts for public works be in writing and La.Rev.Stat. 33:4169.1 requires all contracts providing for an exclusive franchise for collection and disposal of garbage and trash follow public bid law, we believe Louisiana courts have clearly stated that hurricane debris removal is not a public work and therefore not subject to the public bid law.[3]
Since there is no legal requirement that the second "replacement" contract be in writing, we are of the opinion that the parties were free to orally modify it, including any written notice requirements.[4]
Both of the parties to the contract executed a document declaring the date for the Notice to Proceed was January 7, 2006. It is our opinion that such action operates as an acknowledgement by both parties that the oral notice took place and was consented to by all.[5]
Lastly, we note that the written Notice to Proceed requirement was simply a contractual term to the benefit of the parties. Therefore, any defect of the oral notice would have been at most a relative nullity.[6]
This nullity was confirmed by the written documentation on March 7, 2006 and would retroactively apply back to January 7, 2006.[7]
In conclusion, based on the information you have provided to this office, the oral notice given by St. Bernard Parish to URG on January 7, 2006 was satisfactory and effective under Louisiana law. The documentation of that agreement on March 7, 2006 evidences consent of the parties and confirmation of the earlier oral agreement. Therefore, it is the opinion of this office that the terms of the second "replacement" contract should apply to all work performed on or after January 7, 2006 by URG. *Page 4 
We trust this adequately responds to your request. If you should have any additional questions, please feel free to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ____________________ MICHAEL J. VALLAN Assistant Attorney General
 CCF, JR/MJV/crt
[1] La C.C. 1906; Bouligny v. Urquhart, 4 La. 29 (La. 1832).; GreatSouthern Homes, Inc. v. Holten, 460 So. 2d 662 (La. 1st Cir. 1984).
[2] Pelican Electrical Contractors v. Neumeyer, 419 So. 2d 1 (La. 4th Cir. 1982).
[3] LA R.S. 38:2216(A)(1); Regency Construction, Inc v. LafayetteCity-Parish Consolidated Government, 847 So. 2d 796, 798 (La. 3rd Cir. 2003) "It is obvious that this contract to remove hurricane debris is not a purchase so the issue is whether it is a contract for a public work. . . . Clearly, this contract is not a public work contract subject to the provisions of the Public Bid Law."
[4] The party asserting modification of an obligation must prove by a preponderance of the evidence facts or acts giving rise to the modification. Cajun Constructors, Inc. v. Fleming Construction Co., Inc,951 So. 2d 208, 214 (La. 1st Cir. 2006).
[5] Also after-the-fact documentation of oral agreements that relates back to the date of the oral agreement have been upheld by the courts as binding on the parties from the date of the original agreement. See Leev. First National Bank of Commerce, 893 So. 2d 1030 (La. 5th Cir. 2005), The sheriff and bank verbally agreed upon and started a fiscal agent relationship in November 1988. They reduced the agreement to writing in March 1989 and made the effective date retroactive to November 1988.
[6] La.C.C. 2031.
[7] La.C.C. 1842, 1844.