Dear Ms. Moses-Fields:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the City of New Orleans ("City"), you have asked for our opinion on a matter related to Louisiana's Public Bid Law, La.Rev.Stat. 38:2211 et seq.
Specifically, you ask whether Louisiana's Public Bid Law applies to demolition work.
As a public entity, as defined in La.R.S. 38:2211(A)(11), the City is subject to the provisions of Louisiana's Public Bid Law. Under Louisiana's Public Bid Law, contracts for public works projects exceeding $150,000 must be advertised and let to the lowest responsible and responsive bidder. A public works project is defined as the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity. See La.Rev.Stat. 38:2211.
Based upon the plain language of La.Rev.Stat. 38:2211, it is our opinion that the demolition of a public facility does not fall under the purview of Louisiana's Public Bid Law. Demolition does not involve erection, construction, alteration, improvement, or repair. Accordingly, demolition activities are not subject to the advertising and bidding requirements of Louisiana's Public Bid Law. Similarly, we do not believe the provisions of La.Rev.Stat. 38:2241 relating to the types of bonds required for public works projects are applicable.
In accord is the Louisiana Third Circuit Court of Appeal decision in Regency Construction, Inc. v. Lafayette City-ParishConsolidated Government, 2003-313 (La. App. 3 Cir. 6/4/03), 847 So.2d 796. There, the Court held that held that a contract for the removal of hurricane debris was not subject to the Louisiana Public Bid Law. In its decision, the Court recognized that the contract at issue *Page 2 
did not involve the purchase of materials or supplies. The Court then went on to analyze whether the contract was for a "public work" as defined by statute. The Court found that the contract was not for the erection, construction, alteration, improvement, or repair of public property. Accordingly, the provisions of the public bid law were not applicable. Similarly, in Attorney General Opinion No. 07-0061 our office opined that a contract executed by St. Bernard Parish for the removal of debris left by Hurricanes Katrina and Rita was a service contract, not a public works contract, and thus not subject to the public bid law.
As recognized in Regency, in our view demolition does not involve "some type of construction of public property." Nevertheless, we do recommend that the City take all necessary steps to ensure that work performed on public property is completed satisfactorily and in accordance with all local, state, and federal regulations. Such steps may include, without limitation, the requirement of bonds and/or other forms of security and the compliance with any laws and regulations enforced by the Louisiana Licensing Board for Contractors, the Louisiana Department of Environmental Quality, and/or the Environmental Protection Agency. Additionally, the City must follow any applicable procurement procedures established by its charter.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: _____________________ MICHAEL J. VALLAN Assistant Attorney General
JDC/MJV/crt