Dear Mr. Perilloux:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of St. John the Baptist Parish Government ("St. John"), you have asked for our opinion regarding a proposed plan by St. John to remove weeds and debris from existing drainage ditches and canals located throughout St. John the Baptist Parish. It is anticipated that St. John would expend in excess of $150,000 in connection with the proposed plan. You ask for our opinion as to whether such activities are subject to the competitive bidding requirements of the Louisiana Public Bid Law, La.Rev.Stat. 38:2211, et. seq.
Under Louisiana's Public Bid Law, contracts for public works projects exceeding $150,000 must be advertised and let to the lowest responsible and responsive bidder. A public works project means the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity. La.Rev.Stat. 38:2211. Public works projects that are estimated to cost less than $150,000 are not subject to the advertising and bidding requirements of the Public Bid Law and may be undertaken by the public entity with its own employees or may be negotiated with one or more contractors.
Based upon the plain language of La.Rev.Stat. 38:2211, it is our opinion that the proposed plan does not fall under the purview of Louisiana's Public Bid Law. Weed eradication and debris removal from ditches and canals do not involve the erection, construction, alteration, improvement, or repair of immovable property. Therefore, such activities do not meet the definition of a public work and accordingly are not subject to the competitive bidding requirements of the Louisiana Public Bid Law.
In accord is the Louisiana Third Circuit Court of Appeal decision in Regency Construction, Inc. v. Lafayette City-ParishConsolidated Government, 2003-313 (La. App. 3 Cir. 6/4/03), 847 So.2d 796. There, the Court held that a contract for the removal of hurricane debris was not subject to the Louisiana Public Bid Law. In its *Page 2 
decision, the Court recognized that the contract at issue did not involve the purchase of materials or supplies. The Court then went on to analyze whether the contract was for a "public work" as defined by statute. The Court found that the contract was not for the erection, construction, alteration, improvement, or repair of public property. Accordingly, the provisions of the public bid law were not applicable. Similarly, in Attorney General Opinion No. 07-0061 our office opined that a contract executed by St. Bernard Parish for the removal of debris left by Hurricanes Katrina and Rita was a service contract, not a public works contract, and thus not subject to the public bid law. Further, inUnited Disaster Response, LLC v. Omni Pinnacle, LLC,2009 WL 901763 (E.D. La. 3/25/09) the United States District Court for the Eastern District of Louis ana relied on RegencyConstruction and Attorney General Opinion No. 07-0061 and held that the public bid law did not apply to a contract entered into by St. Tammany Parish for the removal of debris left by Hurricane Katrina. The court noted that the interpretation that service contracts are not public works contracts was consistent with Louisiana jurisprudence. Still further, we note that Attorney General Opinion No. 02-0418 concluded that the public bid law was not applicable to a contract for routine eradication and removal of aquatic vegetation, fallen trees and other debris in reservoirs or canals and on levees.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL BY:__________________________
MICHAEL J. VALLAN Assistant Attorney General
JDC/MJV/crt *Page 1