Dear Ms. Lenfant:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion as to whether the Mandeville City Council can establish a policy governing the procurement of professional services.
As a public entity, as defined in La.R.S. 38:2211, the City of Mandeville is subject to the provisions of the Louisiana Public Bid Law. La.Rev.Stat. 38:2211 et seq. Under Louisiana's Public Bid Law, contracts for the purchase of materials and supplies exceeding $30,000 must be advertised and let by contract to the lowest responsible and responsive bidder. La.Rev.Stat. 38:2212.1. Further, contracts for public works projects exceeding $150,000 must be advertised and let to the lowest responsible and responsive bidder. La.Rev.Stat. 38:2212.
However, Louisiana courts have held that contracts for services, professional or otherwise, are not subject to the requirements of the Louisiana Public Bid Law. See generally, Regency Construction, Inc. v.Lafayette City-Parish Consolidated Government, 2003-313 (La. App. 3 Cir. 6/4/03), 847 So.2d 796; United Disaster Response, LLC v.Omni Pinnacle, LLC, 2009 WL 901763 (E.D. La. 2009). Numerous Attorney General Opinions have expressed the same conclusion in response to inquiries on a wide variety of service contracts.See generally Attorney General Opinion No. 00-246, 07-0278, 10-0026. Thus, under applicable Louisiana law, the City of Mandeville is free to contract for professional services without engaging in any sort of competitive bid process. Nevertheless, nothing in Louisiana law prevents the City of Mandeville from implementing some type of competitive process, such as a request for proposal (RFP) or request for qualifications (RFQ) process when procuring professional services. Therefore, in the event the City of Mandeville wishes to implement such a process, the question then becomes who has the authority to implement the process. *Page 2 
According to your opinion request, the City of Mandeville operates under a home rule charter as authorized by Louisiana Constitution Article VI, § 5. Louisiana Constitution Article VI, § 5 provides, in pertinent part, the following:
(E) Structure and Organization; Powers; Functions. A home rule charter adopted under this Section shall provide the structure and organization, powers, and functions of the government of the local governmental subdivision, which may include the exercise of any power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution.
The Mandeville Home Rule Charter provides the following with respect to the procurement of services:
Section 5-08. Purchasing
A. Purchasing of all property, supplies, materials and services shall be under a central purchasing system and shall be in accordance with applicable state law, council policy and administrative requirements.
B. Contracts for professional services, technical equipment, a purchases [sic] in excess of the amount specified by state law to be advertised and bid shall be submitted to the council by the mayor with the mayor's recommendation as to the contract to be awarded.
C. At the first regular or special meeting of the council held after receipt of the mayor's recommendations, the council, shall, the favorable vote of at least a majority of the authorized membership approve or disapprove the mayor's recommendations.
D. Should the council disapprove the mayor's recommendation, the mayor shall make another recommendation and the procedure shall be the same as that required by this section.
Thus, pursuant to the Mandeville Home Rule Charter, the purchasing of all services shall be in accordance with council policy. Attached to your opinion request is Ordinance No. 09-33 which attempts to establish Council policy relative to the criteria to be used in the evaluation and selection of certain professional service providers. Based upon the plain language of the Mandeville Home Rule Charter, it is our opinion that the Mandeville City Council has the *Page 3 
authority to adopt the enclosed ordinance. Said ordinance appears to implement and establish council policy regarding the procurement of certain professional services by requiring the use a RFQ process. We believe the Mandeville City Charter authorizes the Mandeville City Council to take such action.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
By: _____________________ MICHAEL J. VALLAN Assistant Attorney General
JDC/MJV/crt